WILLIAM VOGT *et al.*

*v.*

EDWARD E. AYER.

*Filed at Ottawa November 20, 1882.*

TAXATION—*place for assessment of vessels.*    Vessels are required by the statute to be listed and assessed for taxation in the county, town, city, village or district in which the same may belong, or are enrolled, or registered, or licensed, or are kept when not enrolled, registered or licensed, and not elsewhere; and when listed and assessed at some other place, the assessment will be without authority of law, and the taxes levied thereon may be enjoined.

Appeal from the Superior Court of Cook county; the Hon. George Gardner, Judge, presiding.

Mr. Consider H. Willett, for the appellants:

As a general principle, personal property follows the person of the owner, and in contemplation of law has its place where he is domiciled. *Mobile* v. *Baldwin,* 57 Ala. 61; *Battle* v. *Mobile,* 9 id. (N. S.) 239; *St. Louis* v. *Ferry Co.* 11 Wall. 423.

The place where vessels are registered, enrolled or licensed, may belong or are kept when not enrolled, etc., is the place where they are liable to taxation. Sec. 13, Revenue Law; *Hays* v. *Pacific Mail Steamship Co.* 17 How. 596; *City of St. Joseph* v. *Saville,* 39 Miss. 460; *State* v. *Haight,* 30 N. J. 428; *People* v. *Commissioner of Taxes,* 1 Hun, 143; *Wilkey* v. *Pekin,* 19 Ill. 160; *Minturn* v. *Hays,* 2 Cal. 590; *Peabody* v. *County,* 10 Gray, 97; Burroughs on Taxation, sec. 46; 1 Cooley on Taxation, 270; Hilliard on Taxation, 125; *Morgan* v. *Parham,* 16 Wall. 471.

Personal property is taxable at the place where the owner resides, unless changed by statute. *Foster* v. *Blue Earth County,* 7 Minn. 140; *Whitesell* v. *Northampton County,* 49 Pa. 526; *McKeem* v. *Northampton County,* 49 id. 519.

Mr. Chief Justice Scott delivered the opinion of the Court:

The bill in this case was brought by Edward E. Ayer, against William Vogt, collector of the town of North Chicago, and William T. Johnson, treasurer and *ex officio* collector of taxes for the county of Cook, to enjoin the taxes assessed by the town of North Chicago on two vessels owned by complainant. It is alleged in the bill that by the laws of the United States, Chicago is a port of registry, and a place for the registering of vessels; that the office for registering is at the custom house, in South Chicago; that complainant was, on the 1st day of May, 1881, the owner of two vessels,—the

"Milwaukee Belle," and the "Jessie Hoyt;" that such vessels were duly registered at the office of the collector of revenue, in South Chicago, and that the *situs* of the vessels and the place where their business is transacted is in the town of South Chicago. It further appears, from the allegations of the bill, that both vessels were assessed, under the State laws, in the town of South Chicago, for the year 1881. Of that tax no complaint is made, and it is averred complainant has paid the same. It also appears that complainant resides in the town of North Chicago, and on that account his vessels seem to have been assessed in that town for the same year they were assessed in the town of South Chicago. It is the tax imposed by the town of North Chicago complainant seeks to have enjoined. To the bill alleging these facts, with the usual particularity, defendants interposed a demurrer, which was by the court overruled, and defendants electing to stand by their demurrer, the temporary injunction previously awarded was made perpetual.

Section 13 of the Revenue Law, Rev. Stat. 1874, provides: "All persons, companies and corporations in this State owning steamboats, sailing vessels, wharf boats, barges and other water craft, shall be required to list the same for assessment and taxation in the county, town, city, village or district in which the same may belong, or be enrolled, registered or licensed, or kept when not enrolled, registered or licensed." The allegations of the bill, which the demurrer admits to be true, bring the case precisely within the provisions of this statute, and show that complainant has done all the law requires him to do. It is stated, with sufficient definiteness, that Chicago is a port of registry under the laws of the United States, and that the office of the collector of that port is in the town of South Chicago, where complainant's vessels are registered, and the allegation of the bill is, "the *situs* of the vessels and the place where their business is transacted is in the town of South Chicago." That being

admitted, as it is by the demurrer to the bill, the town of South Chicago is the place where such vessels, in the language of the law, "belong," or are "enrolled, or registered, or licensed," or are "kept when not enrolled, registered or licensed." It follows, therefore, that South Chicago is the place where complainant's vessels should be listed for assessment and taxation. They were not assessable elsewhere, and the taxes levied upon them in the town of North Chicago were without authority of law, and the court properly made the injunction restraining the collection perpetual.

The decree of the Superior Court is affirmed.

*Decree affirmed.*