ANN HALSTEAD

*v.*

CLAUDE C. ADAMS *et al.*

*Filed at Ottawa January 23, 1884.*

1. TAXATION—*situs of sailing vessel for taxation.* The *situs* of a sailing vessel, as fixed by the statute for the purposes of taxation, is at one of three places: First, in the county, town, city or village, or district, where. such vessel belongs; second, where it is "enrolled, registered or licensed;" and third, where it is "kept when not enrolled, registered or licensed."

2. It is the duty of the owner to list such vessel in one of these three places, as the fact may be, and when rightfully listed in one place it is not subject to taxation elsewhere.

3. Where it appeared from the allegations of a bill to enjoin the collection of a tax on a vessel assessed in South Chicago, admitted by demurrer to be true, that the same was listed for taxation in North Chicago, where the owner resided and the *situs* of the property was, and that the vessel, when not engaged in navigation, was permanently kept and located in the town of North Chicago, though registered and licensed in South Chicago, it was *held*, that the vessel was properly listed in North Chicago, and that taxes levied upon an assessment thereof in South Chicago were without warrant of law, and subject to be perpetually enjoined, even though the officers failed to report the assessment of the owner's vessel in North Chicago.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Messrs. SCHUYLER & FOLLANSBEE, for the appellant:

Personal property, with certain exceptions, is required to be listed and assessed where the owner resides. (Rev. Stat. chap. 120, sec. 7.) The statute requires vessels of this kind to be listed in the county, town, city, village or district in which they belong. Ibid. sec. 13.

Here the vessel was not permanently located elsewhere, but its owner resided in the town of North Chicago, and the property was permanently located and kept there when not in use, and it was taxable there. *Mills* v. *Thornton et al.* 26 Ill. 300;

*Irvin* v. *New Orleans, St. Louis and Chicago R. R. Co.* 94 id. 105; *Vogt et al.* v. *Ayer,* 104 id. 583.

Assessments for personal property against persons residing within the district are void, unless made with reference to the actual presence of the property in such district. Cooley's Const. Lim. (3d ed.) 499.

At common law the *situs* of vessel property, for the purposes of taxation, was deemed its home port; and inasmuch as the home port, to-wit, Chicago, in this case embraced more than one municipality having power to assess and collect taxes, it would follow the person of the owner, and in contemplation of law its *situs,* for purposes of taxation, would be the place where he was domiciled. *Mobile* v. *Baldwin,* 57 Ala. 61; *St. Louis* v. *Ferry Co.* 11 Wall. 423; *Hays* v. *Pacific Mail Steamship Co.* 17 How. 597; *People* v. *Comrs. of Taxes,* 1 Hun, 143; *Morgan* v. *Parkham,* 16 Wall. 471; *Wilkey* v. *Pekin,* 19 Ill. 160; *State* v. *Haight,* 30 N. J. 428; Cooley's Const. Lim. (3d ed.) 499.

Mr. E. R. Bliss, for the appellees:

The only question presented by this record involves a construction of section 13 of the Revenue act. This section was passed upon by the court in the recent case of *Vogt* v. *Ayer,* 104 Ill. 583, which seems to be conclusive of this case.

The statement in the bill that these vessels were "permanently located in the town of North Chicago when not engaged in navigation," is the conclusion of the court upon the facts as presented in the cases of *St. Louis* v. *Ferry Co.* 11 Wall. 423, and *Irvin* v. *New Orleans, St. Louis and Chicago R. R. Co.* 94 Ill. 105.

Vessels are subject to taxation in the place of their legal *situs.* *Mobile* v. *Baldwin,* 57 Ala. 61; *Hays* v. *Pacific Mail Steamship Co.* 17 How. 596; Burrill on Taxation, sec. 46.

The bill in this case does not show affirmatively that these vessels did not have their legal *situs* in the town of South Chicago.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The facts in this case are very different from the facts on which the decision in *Vogt* v. *Ayer*, 104 Ill. 583, was rendered. In the latter case "the *situs* of the vessels and the place where their business" was transacted was in the town of South Chicago. That fact being admitted, as it was by the demurrer to the bill, the town of South Chicago, it was held, was the place where the vessels assessed, in the language of the statute, (sec. 13, Revenue law, Rev. Stat. 1874,) "belonged," or were "enrolled, or registered, or licensed," or were "kept when not enrolled, registered or licensed," and hence the conclusion was reached the tax levied on the vessels in the town of North Chicago was without authority of law, although the owner resided in that town. There is now no reason for departing from the principle of that case.

The *situs* of a sailing vessel, as fixed by the statute for the purpose of taxation, is at one of three places: First, in the county, town, city or village, or district, where such vessel belongs; second, where it is "enrolled, registered or licensed;" and third, where it is "kept when not enrolled, registered or licensed." It is made the duty of the owner to list such vessel in one of the three places mentioned, as the fact may be, and when rightfully listed in one place, it is not subject to taxation elsewhere. In the case now before the court the vessels were listed for taxation in the town of North Chicago, where the owner resided, and the allegation of the bill,—which the demurrer admits to be true,—is, the "*situs* of the property" assessed was, at the time of such assessment, and thence hitherto was and had been, at the "place of residence" and in the "municipality" where complainant resided,—that is, in the town of North Chicago. It is true

the vessels assessed were each duly enrolled at the custom house in the town of South Chicago, and were duly licensed for the coasting trade on the lakes and the navigable waters connected therewith, in accordance with the requirements of the laws of the United States. There is nothing, however, in the record that indicates such vessels, or either of them, were, at the time of the assessment, engaged in active trade. The mere fact such vessels were enrolled and licensed would not, of itself, authorize any presumption they were at the time engaged in navigation, and consequently out of the home port. Unless that fact was made to appear, it would rather seem the presumption would be the other way. The admissions on demurrer of the allegations of the bill in this respect are, that such vessels, when not "engaged in navigation," were "permanently located and kept" in the town of North Chicago, and never "belonged" or were "permanently located" in the town of South Chicago. These vessels, then, "belonged" in the town of North Chicago, and it was the duty of the owner to list them for taxation in that town, as was done. That was the *situs* of the vessels at the time the same were listed for taxation, and under the decision in *Vogt* v. *Ayer*, that was the place where the vessels were subject to taxation. It follows, then, the assessments made by the assessor of the town of South Chicago on the vessels, for the same year, were without authority of law, and the taxes extended on the same against the owner should have been perpetually enjoined, as was asked to be done by the bill.

It makes no difference the local officers failed to report the assessment of complainant's vessels in the town of North Chicago, that the taxes might be extended against the owner. Such vessels, as has been seen, were liable to taxation in that town, and complainant having listed them for taxation in that town, it was all the law required her to do. Complainant is in no manner to be prejudiced by the omission of the local officers to do their duty in the premises. She has

offered, by her bill, to pay such taxes as ought to have been extended on her vessels. More than that the law does not require her to do.

The decree of the circuit court is reversed, and the cause remanded, with directions to decree in conformity with the views expressed in this opinion.

*Decree reversed.*