Filed April 3, 1886.

---

No. 12,490.

COOK ET AL. *v.* THE TOWN OF PORT FULTON ET AL.

TAXES.— *Water-Craft.—Residence of Owner.*—Under section 6293, R. S. 1881,
all water-craft must be listed for taxation at the place of the·owner's
residence, without regard to its actual situation.

SAME.— *Water-Craft Owned by Partners Residing at Different Places.—Town.*—
Two of the members of a firm owning water-craft resided in P., an in-
corporated town in this State, the property being kept at a harbor two
miles beyond the town. The other partner resided in another town in
the same county.

*Held,* that the property is subject to taxation by the town of P.

From the Clark Circuit Court.

*A. Dowling, J. G. Howard, J. F. Read* and *M. Z. Stan-
nard,* for appellants.

*J. H. Stotsenburg* and *E. C. Vance,* for appellees.

MITCHELL, J.—Cook, Huffman and Littrell are associated
in business as copartners. Cook and Huffman reside in Port
Fulton, an incorporated town in Jeffersonville township,
Clark county. Littrell resides in the city of Jeffersonville,
in the same township and county. The business office of the
firm is in the city of Louisville, in the State of Kentucky.
They are engaged in towing, steering and caring for coal
boats, barges, and flats on the Ohio river, and in the conduct
of their business they own and employ tow-boats, shanty
boats, sailing vessels, ropes, lines, tackle, and other necessary
appendages. They own a coal harbor which is about two

miles east of the limits of Port Fulton, on the Indiana shore, in Jeffersonville township. In this all their tangible personal property is situate. The boats and water-craft owned by them ply in the waters of the Ohio, as occasion requires, from the coal harbor to the cities of Louisville, New Albany and Jeffersonville. When not thus employed, they are kept at the coal harbor.

The property of the firm, including the water-craft above specified, was regularly listed for taxation by the township assessor of Jeffersonville township. The town clerk of Port Fulton, in the years 1881, 1882 and 1883, transcribed the firm property, both tangible and intangible, from the books of the township assessor, and placed it on the tax duplicate of the town, for municipal taxation. Refusing to pay the amount assessed against their tangible personal property above described, situate beyond the limits of the town, the town marshal seized certain of the boats and other property of the firm for the purpose of enforcing by sale the collection of taxes, interest and penalties alleged to be delinquent to the corporation.

This suit was brought to enjoin the marshal from proceeding with the sale. At the hearing, a demurrer was sustained to the bill, and a temporary injunction previously granted was dissolved. An appeal from these rulings involves a question concerning the right of the town to tax property of the character described, belonging to a resident owner, and which has an actual *situs*, outside of the town limits, in the township in which the town is situate.

A controversy between the same parties, involving the right to tax the same property, was before this court in the case of *Eversole* v. *Cook*, 92 Ind. 222.

The statute, regulating the taxation of property of the description involved, which controlled the decision in the case above cited, required water-craft to be listed and assessed for taxation in the " county, township, city or town in which the same may belong or be enrolled, registered or licensed, or

kept when not enrolled, registered or licensed." It was held that because the property belonged at the harbor, outside the town limits, the town had no authority to make the assessment. That was under the act of 1872. On behalf of the town, it is now claimed that the act of 1881, R. S. 1881, section 6293, renders the property liable to taxation for town purposes.

This last act provides as follows : "All persons, companies, or domestic corporations owning steamboats, wharf-boats, sailing vessels, canal-boats, or other water-craft, shall list the same in the township, town, or city where such owner, or one of the members of such company, resides, or where such corporation transacts business."

Under the act of 1872 property of the description in question was subject to taxation at one of two places : *First.* In the county, township, town or city in which it belonged, that is, its home port, where it was enrolled, registered or licensed ; and, *Second.* Where it was kept when not enrolled, registered or licensed. *Halstead* v. *Adams,* 108 Ill. 609 ; *Vogt* v. *Ayer,* 104 Ill. 583. The act now in force requires that it should be listed at the place where its owner, or, if owned by a company, where one of the owners resides.

Turning to section 6290, we observe that the general policy of the statute as respects all personal property is, that it is to be listed and assessed for taxation where the owner resides. Accordingly, it is thus enacted, that "All personal property, unless otherwise provided in this act, shall be listed and assessed in the township, city, or town where the owner resides ; except that tangible personal property, situate in any township, city, or town other than that of the owner's residence, shall be listed in such township, city, or town," etc.

It thus appears that while the general policy is to apply to the listing of personal property the legal fiction expressed in the maxim *mobilia personam sequuntur*, it is nevertheless required that all such property as is capable of acquiring, and which actually has acquired, a *situs* different from the domicile of the

owner, is to be taxed where it is actually situate. Ships at sea are regarded as incapable of acquiring an actual or permanent *situs*, and so, presumptively, all other water-craft. Having been constructed for purposes of commerce, they are presumed to be migratory, now here and now there on the navigable waters. Being at a harbor is only an incident to their use. Such property is, therefore, to be listed for taxation at the place of the owner's residence, without regard to its actual situation. Its *situs*, like that of intangible personal property, is dependent upon the residence of the owner. The controlling consideration is not the uncertain locality or variable situation of the property, but the residence of the owner or owners. Thus, property of this description is not liable to unjust or double taxation by being assessed at any and every point where it may happen to be, nor may it escape altogether by being at no particular place. *Hays* v. *Pacific Mail Steamship Co.,* 17 How. 596; *Morgan* v. *Parham,* 16 Wall. 471; *People* v. *Comm'rs of Taxes,* 58 N. Y. 242.

The difference between the law of 1872 and that of 1881, as applied to water-craft, is, that under the first, the place of registry, or, if not registered, the actual *situs* of the property was to be looked to; under the last, the owner's residence determines the place of taxation.

While it is true, in this case, as in other exceptional cases, property of the character here in question may have acquired an actual *situs*, so as to have made it possible to locate it, the purpose of the Legislature is, however, apparent. That purpose was to avoid all questions with reference to such property as a class, and to make it subject to taxation at the domicile of the owner. This purpose being apparent, there is no room for a construction which shall disappoint it.

That this is the proper construction of the act, is rendered more certain by reference to section 6292. This requires that personal property *in transitu* shall be listed and assessed where the owner resides, and it provides further, that if such property be intended for a particular business, it

shall be assessed at the place where the property of such business is required to be listed.

Having arrived at the conclusion that the property is to be listed as required by section 6293, it remains to be determined whether or not it was subject to taxation by the authorities of the town in which two of the owners resided. To warrant the imposition of taxes by a municipal corporation, authority to that end must be plainly and unmistakably conferred.   Dillon Mun. Corp., section 763.

Among the enumerated powers conferred upon boards of trustees of incorporated towns, is the power to levy and collect taxes, to a limited extent, *upon all property subject to taxation.*    Subdivisions 15 and 19, section 3333, R. S. 1881. By the provisions of section 3349, it is required of the trustees, when the assessment roll is completed, to levy a "tax upon the *taxable property of said town* to such an amount as they may deem necessary." It is also provided in section 3263, R. S. 1881, that all general laws for the uniform assessment and collection of taxes shall apply to all incorporated cities and towns not having special charters, so far as the same are applicable.

As by the provisions of section 6293, the legal *situs* of the property is drawn to the domicile of the owner, and as two of the owners were domiciled in the town of Port Fulton, in legal contemplation the property in dispute was "property of said town" subject to taxation.

The owners resident in Port Fulton having, by the act of listing their property with the assessor of the township in which the town was situate, fixed the place of assessment by locating its *situs*, in contemplation of law, at their place of residence, it was not subject to taxation at any other place within this State.    It was, however, subject to taxation there, for all purposes, the same as if it had been actually present at their domicile.    Section 6311, which relates to the listing of partnership property, has, as we think, no influence upon the question involved.

As the owners of the property are all residents of the State, we need not decide what effect the non-residence of one or more would have had.

It is clear that where property of the description embraced in section 6293 is owned by persons residing within the State, the whole is to be listed where one of the owners resides, and when it is so listed by the owner or owners at one place, it is not subject to taxation at another.

We think the other question discussed, relating to the authority of the marshal to seize property beyond the town limits, is not presented by the record. We decide nothing in that regard.

The judgment is affirmed, with costs.

