THE TOWNSHIP OF SHREWSBURY, IN THE COUNTY OF MONMOUTH AND STATE OF NEW JERSEY, PROSE-CUTOR, v. MERCHANTS' STEAMBOAT COMPANY, THE CITY OF PERTH AMBOY, AND MONMOUTH COUNTY BOARD OF TAXATION.

Submitted March 19, 1908—Decided June 8, 1908.

1. Vessels owned by a New Jersey corporation having its principal office in one county are not taxable in a municipality in another county, although registered pursuant to act of congress in the latter municipality.

2. In cases of appeal by an owner of property to a county board of taxation for the cancellation of an assessment for taxation as improperly made, notice to the tax municipality, actual or constructive, is essential to jurisdiction.

On *certiorari* in matter of taxation.

Before Justices REED, PARKER and VOORHEES.

For the prosecutor, *Frederick W. Hope.*

For the Merchants' Steamboat Company, *William Pintard.*

For the city of Perth Amboy, *Charles C. Hommann.*

The opinion of the court was delivered by

PARKER, J. The Merchants' Steamboat Company is a corporation of New Jersey, and at the time for assessing taxes for 1906 had its principal office at Red Bank, in the taxing district of Shrewsbury township, Monmouth county. Part of its personal property consisted of two steamboats plying regularly between Red Bank and its vicinity and New York City, and habitually tied up, when not in use, at the company's wharves in Red Bank. These boats were regularly enrolled in the custom house at Perth Amboy, which is the port of entry embracing the district in which Red Bank is situated, and for some years prior to 1906 the company paid taxes on them in the township of Shrewsbury. In the latter year they were assessed for taxation in Perth Amboy and the tax there imposed paid under protest. They were also included in the assessment of Shrewsbury township in 1906, but the amount assessed against them there was struck out by the Monmouth county board of taxation, on an appeal of the steamboat company, without any notice being given to the township authorities of the hearing of the appeal. The writ in this case, issued on the application of Shrewsbury township, brings up the action of the county board, the city of Perth Amboy and the Merchants' Steamboat Company being in-

cluded in the county board as defendants, so that all parties interested are before the court.

If the Monmouth county board of taxation had acquired jurisdiction of the case, it would seem that their action should have been reviewed in the first instance by appeal to the state board of equalization of taxes and not by *certiorari.* But no ruling on this question of procedure is required, for this court has very recently decided that the county board acquires no jurisdiction of an appeal without notice either actual or constructive to the parties to be affected by it. *Eatontown* v. *Monmouth Electric Co.,* 46 *Vroom* 459. For this reason the action of the county board was ineffective, and as the question presented is purely one of law, and the decision therein of the county board is of no binding force, the prosecutor is properly here.

The matter in controversy calls for no extended discussion, having been decided favorably to the prosecutor at the February term, 1908, of this court, in *American Mail Steamship Co.* v. *Crowell, ante p.* 54, where it is held that the place of residence of the owner rather than the place of enrollment is the controlling test of taxability of enrolled vessels. Following the decision in that case, the judgment or determination of the Monmouth county board of taxation canceling the tax assessed on the steamboats in question in Shrewsbury township will be set aside, leaving the tax in full force.

The prosecutor also asks that the Perth Amboy tax be canceled and the payment under protest returned to the steamboat company. Such action, however, is not prayed by the steamboat company, the party really interested, and without deciding whether on the application of that company we might properly order the cancellation of the Perth Amboy tax, it seems clear that in no case could a return of the money to the steamboat company be directed in the present proceeding.