## WRIGHT *v.* MAYOR AND COUNCIL OF BRUNSWICK.

During 1905 Wright was the part owner of a vessel registered under the acts of Congress, at the port of the City of Brunswick, Glynn county. She made daily trips, except on Sundays, from Brunswick to St. Simons Island, also in Glynn county, and to the City of Darien in McIntosh county; leaving Brunswick about 8:30 o'clock a. m., arriving at St. Simons Island about 9:30 a. m., arriving at Darien about 1:00 p. m. Returning by St. Simons Island, she reached Brunswick about 6:30 p. m., where she remained during the night and until the next start to Darien. Wright did not reside within the city limits of Brunswick at any time during 1905, but during all of that year resided at St. Simons Island.

*Held,* that Wright's interest in the vessel was not subject to ad valorem municipal taxation during the year 1905, by the City of Brunswick.

JULY 15, 1913.

Petition for injunction. Before Judge Conyers. Glynn superior court. June 24, 1911.

On June 20, 1909, the clerk of the Mayor and Council of the City of Brunswick issued an execution against J. B. Wright and his 124/130 interest in the steamboat "Hessie No. 2," for taxes claimed to be due the city on his interest in the vessel for the year 1905. The execution was levied by the marshal of the city upon Wright's interest in the vessel; and he thereupon brought his petition against the Mayor and Council and the marshal to enjoin the enforcement of the execution. The petition alleged the execution to be illegal, for the reason, among others, that Wright's interest in the vessel was not subject to taxation by the city for 1905, because he did not reside in the city at any time during that year. The case, by consent, was submitted to the judge for decision on the law and evidence, without a jury. On the hearing, the evidence was in substance as follows: Wright, during 1905, was the owner of an 86/130 interest in the vessel "Hessie No. 2," which during that year was engaged in the transportation of freight and passengers, making daily trips, except on Sundays, from the City of Brunswick, Glynn county, to St. Simons Island in the same county, and on to the City of Darien in McIntosh county, all in this State. The vessel left Brunswick about 8:30 a. m., arriving at St. Simons Island about 9:30 a. m., and at Darien about 1:00 p. m. Returning she arrived at Brunswick about 6:30 p. m. the same day. Wright did not reside within the corporate limits of the City of Brunswick at any time during the year 1905, but during the whole of that year resided at St. Simons Island. He did not return his interest in the vessel to the city authorities of Brunswick for taxation during 1905, and paid no taxes on such interest to the city for that year, but did pay to the city "dock rent for the purpose of wharfing during the short time the boat was in the harbor of Brunswick." The vessel was registered in the office of the collector of customs of the district and port of Brunswick, as required by the United States statutes relating to the registration of vessels. The judge decided that Wright was not entitled to an injunction, and he excepted.

*D. W. Krauss,* for plaintiff.   *J. T. Colson,* for defendants.

FISH, C. J. (After stating the facts.) Under the first ad valorem tax act of this State (Acts 1852, p. 288) all returns of property for taxation were to be made in the county wherein the taxpayer resided. Our first code, after providing for returns to be made by banks and by railroad, insurance, and express companies, declared: "All other companies or persons taxed shall make their returns to the receiver of the respective counties where the persons reside or the office of the company is located, except in cases of mining companies and of persons who cultivate lands in counties not their residence." Code of 1863, § 756. This provision has been incorporated in all of our subsequent codes, and appears in the Political Code of 1895, § 826. Basing the opinion upon this statutory provision, it was held, in *County of Walton* v. *County of Morgan*, 120 *Ga.* 548 (48 S. E. 243), that, in the absence of a statute to the contrary, personal property is to be returned where the owner resides; and that, except as to special provisions referred to in the opinion, section 826 is the only law of this State regulating the place where personal property is to be returned. This statute and decision relate to the taxable situs of personalty in respect to State and county taxation, and fix such situs in the county of the owner's residence. There is no statute in this State fixing the taxable situs of vessels for State and county taxation elsewhere than in the county of the owner's residence, but on the contrary section 15 of the general tax act for 1905 (Acts 1904, p. 26) declared: "that any person or company, resident of this State, who is the owner of a vessel or boat or water-craft of any description, shall answer under oath the number of vessels, boats, and other water-craft owned by them, and the value of each, and make returns of the same to the tax-receiver of the county of the residence of such persons or companies, and the same shall be taxed as other personal property is taxed." A like provision appeared in the general tax acts for many previous years. This statute clearly fixed the taxable situs, in respect to State and county taxes, of all vessels, boats, or other water-craft owned by residents of this State, for the year 1905, in the county where the owner resided. In the absence of any statute to the contrary, we can not say that it was the intention of the legislature to fix the situs of vessels for municipal taxation at a place not within the county of the owner's residence, where its situs is for State and county taxation. If

Wright had resided during 1905 in a county of the State other than Glynn, it would be clearly inconsistent to say that the City of Brunswick could have taxed his interest in the vessel in question, but that it could not have been taxed for the benefit of the County of Glynn, although Brunswick is in and constitutes a part of that county. No power is given, expressly or by necessary implication, to the City of Brunswick by its charter to tax vessels registered at the custom house in that city, where their owners do not reside within the city limits. The only authority given to the city by its charter is general, that is, "to levy and collect a tax upon all taxable property within the limits of said city." Acts 1872, p. 151, § 12; Acts 1889, pp. 1010, 1022. It has been decided by the Supreme Court of the United States that the place of enrollment of a vessel is irrelevant to the question of taxation, because the power of taxation of vessels depends either upon the actual domicile of the owner, or the situs of a permanent nature of the property within the taxing jurisdiction. Ayer & Lord Co. *v.* Kentucky, 202 U. S. 409 (26 Sup. Ct. 679, 50 L. ed. 1082, 6 Ann. Cas. 205). In Hooper *v.* Mayor &c. of Baltimore, 12 Md. 464, it was held: "A ship registered at the custom house in and sailing out of the port of Baltimore, owned by a bona fide and actual resident of Baltimore county [but not of the City of Baltimore], having his place of business as a merchant in the city, is not liable to pay taxes to the city for municipal purposes."

In Cook *v.* Town of Port Fulton, 106 Ind. 170 (6 N. E. 321), it appeared that: "Under § 6293, R. S. 1881, all water-craft must be listed for taxation at the place of the owner's residence, without regard to its actual situation. Two of the members of a firm owning water-craft resided in P., an incorporated town in this State, the property being kept in the harbor two miles beyond the town. The other partner resided in another town in the same county." It was held, "that the property is subject to taxation by the town of P."

Under a statute of New Jersey, personalty is taxable in the township, ward, or taxing district where the owner resides. It was held in American Mail Steamship Co. *v.* Crowell, 76 N. J. Law, 54 (68 Atl. 752): "Vessels owned by a New Jersey corporation having its principal office in one county are not taxable in a municipality in another county, although registered pursuant to Act of

Congress in the latter municipality." The same thing was decided in Shrewsbury *v.* Merchants Steamship Co., 76 N. J. Law, 407 (69 Atl. 958).

Our conclusion is that the judge erred in refusing to grant the injunction.　　　*Judgment reversed. All the Justices concur.*