Turman *vs.* Cargill & Daniel.

2d. Because the court erred in charging the jury, section 1, article I., and paragraph 2, section 13, article V, of the constitution of the state of Georgia, and sections 4325, 4327 of the Code, these provisions of the constitution and of the Code being inapplicable to the case.

3d. Because the court erred in overruling the motion for a continuance heretofore referred to.

The motion was overruled and defendant excepted.

PHILIP B. ROBINSON, for plaintiff in error.

J. W. PRESTON, solicitor general, by JACKSON & CLARKE, for the state.

---

HARRIET E. TURMAN, plaintiff in error, *vs.* CARGILL & DANIEL, defendants in error.

1. If it were doubtful merely, the court should not declare an act unconstitutional; they should be clearly satisfied of its unconstitutionality before annulling an act passed upon as constitutional by both the legislative and executive departments of the state government.

2. In claim cases either party may appeal from the decision of the justice of the peace to the superior court, where either the amount of the *fi. fa.* or the value of the property claimed, exceeds $50 00.

3. The act of 1874, regulating the right of appeal in such cases, so far as it makes either the amount of the *fi. fa.* or the value of the property, the test of what is "the sum claimed" in the language of the constitution, is not in conflict with the second and third paragraphs of section sixth, article fifth, of the constitution of the state.

Justice Courts. Appeals. Claims. Constitutional law. Before Judge JAMES JOHNSON. Muscogee Superior Court. May Term, 1875.

Reported in the opinion.

THORNTON & GRIMES, for plaintiff in error.

THOMAS J. CHAPPELL, for defendant.

JACKSON, Judge.

A *fi. fa.* under $50 00 was levied upon a horse worth more than $50 00, by Cargill & Daniel, and Mrs. Turman claimed the horse. The claim was returned to the justice's court and the horse found subject. An appeal was taken to the superior court, and the appeal was dismissed on the ground that the act of 1874, which authorized an appeal in claim cases from justice's courts, where neither the amount due on the *fi. fas.* or the property levied on and claimed, was of the value of $50 00 or upwards, is unconstitutional. The claimant excepted, and the question made is, whether that act, which fully authorizes this appeal, is in conflict with the constitution?

1. The question was very ably argued by the counsel for the defendant in error, who made his maiden speech in this court, with a force and acumen which will long be remembered by those who heard it, and which was altogether worthy of the son of his distinguished father. He certainly created great doubts in our minds as to the constitutionality of the act in question; and if the question had been one of the construction of statutes merely, we probably should have held with him. But before an act of the general assembly of the state, assented to by the executive, is declared null and void, the judicial branch of the government should be clearly satisfied. If it be at all doubtful, the doubt most assuredly should turn the scale in favor of the construction which the two other branches of our state government have given to the constitution.

2. The provisions of the constitution are in these words: "In cases where the sum claimed is more than $50 00, there may be an appeal to the superior court, under such regulations as may be prescribed by law:" Code, section 5104. "There shall be no appeal to a jury from the decision of a justice of the peace, except as provided in the foregoing paragraph:" Code, section 5105.

The first regulation prescribed by law was the act of 1868, codified in section 4157, which enacts that either party dissatisfied with the judgment of the justice may, as matter of right, appeal to the superior court, provided "the amount claimed in said suit is over $50 00." It became doubtful whether, under this act in claim cases, the amount claimed meant the amount of the fi. fa. or the amount in value of the property levied upon and claimed, and the act of 1874 was passed to remedy this evil, and set at rest this doubt; and by that act, it is declared that in either case the appeal may be taken. The first criticism upon the act is that it gives the right of appeal when the fi. fa. or property claimed is $50 00 or more, whereas, the constitution gives the right when it is more than $50 00, and then declares that there shall be no appeal except as therein provided. The value of the horse here is said in the bill of exceptions to be greater than $50 00, so that this part of the act is not before us for review. If the remaining part of the act be constitutional it is immaterial whether this particular clause be so or not, so far as this case is concerned.

But it is argued with great force that the constitution, by "the sum claimed," means the amount of the fi. fa. and not the value of the property claimed, because the word sum applies to money not to property; and the case of Winston vs. The United States, decided by the supreme court of the United States, in 3 Howard, 771, is cited, where that court decides that the jurisdiction there, in appeal cases, attaches from the amount of the execution and not from the property claimed. But we cannot set aside and annul the act of the general assembly upon the idea even of the supreme court of

the United States as to their jurisdiction, when the question before them was not as to the *constitutionality* of an act of congress, but as to the construction of the act in the light of the constitution. If the words, the sum claimed, in our constitution do not refer to anything but money, then they have no reference at all, perhaps, to claim cases; and if claims be not in the purview of the constitutional provisions quoted, then the act is constitutional, because the prohibition does not extend to claim clases. But the words, the *sum. claimed,* cannot have such a narrow meaning; else all civil cases, except for money, such as notes and accounts, would be excluded. Yet, in the very same clause of the constitution, Code, section 5104, the jurisdiction to justices' courts is put at $100 00 "*in all civil cases,*" and *civil cases* certainly embrace suits for property. What is a suit for property but a controversy about property in the courts, and what is a claim case but a controversy about property in the courts. They are but different kinds of suits. The sum in litigation, so far as the plaintiff in *fi. fa.* is concerned, or "*the sum claimed,*" in the language of the constitution, by him, is the amount of his *fi. fa.;* but "*the sum claimed*" by the claimant is the value of the property. If that, *the property,* be subjected to the *fi. fa.,* all is gone from him. The defendant is declared the owner of it by the judgment, and when it is sold, as in this case the horse must be sold to pay the sum due on the *fi. fa.,* the balance of the money goes, *not to the claimant* but to other *fi. fas.,* if there be any; if none, to the defendant in *fi. fa.* It would be hard upon the claimant, if, when property of his, worth more than $50 00 was at stake, that he could not appeal to a jury, for that is the appeal to the superior court, though the spirit of the constitution and the letter of the law gave him the right; and as the right of appeal should be mutual, we think in such case the plaintiff should have the right too; and that the law is founded in good sense, which gives the right to both parties in either event—either when the *fi. fa.* is over $50 00, no matter how insignificant the property is,

Turman *vs.* Cargill & Daniel.

or when the property is over $50 00, no matter how small the *fi. fa.* is.

3. We think, too, that these constitutional provisions should be construed in the light of existing laws at the time of its adoption and before its adoption. The law was, that in the justices' courts a party might appeal to a jury from the decision of the justice of the peace, the appeal to the jury to be there tried in the justice's court. The evil which the constitutional provision, that " there shall be no *appeal* to a jury from the *decision of a justice of the peace*, except as provided in the foregoing paragraph," intended to remedy, was the trial by jury in the justices' court, and it was not designed to prevent trial by jury in the superior courts, where the legislature, giving a liberal construction to the constitution, granted that right. The words "under such regulations as may be prescribed by law," contemplated the exercise of discretion in the law-making power, a discretion not to be controlled by the courts, where the great object of the constitution was kept in view, *the right of appeal* where *the amount in controversy*, the interest either side had, exceeded $50 00. In view of the old law before the adoption of the constitution, the spirit and intent of the framers, gathered from the instrument itself, the great object in view and the spirit of the restriction, and the fact that no possible harm can be done by the construction we place upon it, but that it furthers the right of trial by jury, ever a favorite of the common law and of the statutes of Georgia, and to say the least, that the unconstitutionality of the act is involved in doubt, and is by no means clear and satisfactory, we feel constrained to hold it constitutional, and to reverse the judgment of the court below.

Judgment reversed.