## WORTH COUNTY *v.* CRISP COUNTY.

ATKINSON, J. 1. The Civil Code, §§ 468 to 471, inclusive, contains provisions of general law for the change of boundary, including dividing lines, between counties.

2. The act approved on the 11th day of August, 1911 (Acts 1911, p. 183), provides, in substance, that where there are two contiguous counties and according to the United States census one of them has a population of not less than 16,422, nor more than 16,424, and the other has a population of not less than 19,146, nor more than 19,148, the dividing line between them may be changed in the manner pointed out in the act. According to the last United States census, at the time of the adoption of the act, only the counties of Worth and Crisp had such population as would render the act applicable to them. *Held*, that the possibility of other counties having such population by any subsequent census is too remote to form a basis for a reasonable classification on the subject of territorial generality of the act; and in passing on its constitutionality, the act will be construed as applying only to the two counties named.

(*a*) The act is more restricted, relative to the generality of its application, than the acts involved in the case of *Thomas* v. *Austin*, 103 *Ga.* 701 (30 S. E. 627), and cases following it.

(*b*) So construed, the act is a special enactment and violative of art. 1, sec. 4, par. 1, of the constitution of this State (Civil Code, § 6391), which, among other things, prohibits the enactment of special laws "for which provision has been made by an existing general law." See *Futrell* v. *George*, 135 *Ga.* 265 (69 S. E. 182). It is also violative of art. 11, sec. 1, par. 3, of the constitution (Civil Code, § 6596), which declares that county lines shall not be changed unless under the operation of a general law for that purpose.

3. The provisions of the act of 1911, supra, purporting to confer authority for the change of county lines, being unconstitutional, proceedings thereunder for the purpose of producing a change of county lines are void, and no estoppel will arise against the county authorities of one of the counties out of which certain territory has been carved by reason of the change in the county lines, to complain of the exercise of dominion over territory so taken away from it by the other county.

4. The petition was not subject to demurrer on the ground that the "County of Crisp was not properly named as a party defendant," the defendant being designated in one part of the petition as "Crisp County," and in another part as the "County of Crisp."

5. The petition was against the County of Crisp "through its duly authorized officers and agents," and prayed, among other things, "that the defendant, said County of Crisp, and the board of commissioners

of roads and revenues of Crisp County, viz., J. M. Tomlinson, S. C. Byrd, and M. J. Mikael, and their successors in office, be restrained," etc.; also that "Crisp County, by and through its tax-collector, W. J. Musselwhite, and his successors in office, be restrained," etc.; and further that process issue, etc. Service was made on the county by serving the petition and process personally on the three county commissioners designated, and also on the tax-collector. *Held*, that it afforded the County of Crisp no ground for a motion to dismiss the action that service was made in the manner above indicated.

6. It appearing from an examination of the record that the court has jurisdiction of the case, a motion to dismiss the bill of exceptions, which is not served in accordance with the provisions of rule 31 of the Supreme Court (Civil Code, § 6250), will not be entertained.

*Judgment reversed. All the Justices concur.*

DECEMBER 11, 1912.

Petition for injunction. Before Judge George. Crisp superior court. September 28, 1912.

*Perry, Foy & Monk, W. E. Grubbs,* and *J. B. Williamson,* for plaintiff. *O. T. Gower, J. T. Hill, J. W. Dennard,* and *Crum & Jones,* for defendant.