St. Simons Transit Co. v. Mayor &c. of Brunswick *et al.*

Fish, C. J. 1. Vessels and other water-craft are personal property, and are taxable like all other such property within the jurisdiction of a municipality wherein their situs for taxation is located. *Wright* v. *Mayor & Council of Brunswick*, 140 *Ga.* 231 (78 S. E. 839); 37 Cyc. 782.

2. The Mayor and Council of the City of Brunswick "have the authority and power to levy and collect a tax upon all taxable property within the limits of said city, upon real and personal property,  .   .   not expressly prohibited or exempt by the laws of the State." Charter of the City of Brunswick, Acts 1872, p. 151, § 12; Acts 1889, pp. 1010, 1022.

3. Where a navigation corporation is chartered under the laws of this State, and it appears that its principal office and place of doing business (that is, its domicile) is fixed in a named municipality, the taxable situs of a vessel owned by the corporation is in such municipality.

4. The Saint Simons Transit Company is a navigation corporation, incorporated in 1895, under the provisions of the Civil Code, §§ 2565 et seq. The home office and place of doing business is fixed by the charter in the City of Brunswick, this State. The corporation owns two vessels which are operated from the City of Brunswick to St. Simons Island and return, the distance between the two points being about eight miles, both places being within the county of Glynn, but St. Simons being beyond the city limits of Brunswick. The vessels remained at St. Simons on an average of about a half hour each trip, and for the balance of the time, except that taken up in making the trip, they were tied up at their docks in the city of Brunswick. *Held:* The vessels are subject to an ad valorem tax levied by the Mayor and Council of the City of Brunswick; and the municipal authorities, under the charter of the city, had the power to issue executions against the corporation for taxes due on such vessels for the years in which they were not returned for taxation, and in which no taxes were paid on them, and in which they were operated as above stated.

(*a*) The municipal authorities have no power, however, to issue separate executions against the corporation for any one year for taxes due on each vessel.

5. The judge properly refused to restrain the execution of the tax fi. fas. against the corporation for the years 1907 to 1912 inclusive, but erred in refusing to restrain the enforcement of the two fi. fas. against the corporation for the taxes due respectively on each vessel for the year 1913; and the judgment complained of is affirmed, with direction that it be modified in accordance with the ruling above announced.

*Judgment affirmed, with direction.   All the Justices concur.*

March 10, 1914.

Petition for injunction. Before Judge Conyers. Glynn superior court. October 19, 1913.

*D. W. Krauss,* for plaintiff.   *J. T. Colson,* for defendant.