### LANE v. MAYOR AND COUNCIL OF UNADILLA.

GILBERT, J. 1. Municipal corporations can levy no tax, general or special, upon the inhabitants of the municipality or upon property therein, unless the power to do so be plainly and unmistakably conferred upon them by the State. *Albany Bottling Co.* v. *Watson*, 103 *Ga.* 503 (30 S. E. 270); 2 Dill. Mun. Cor. (4th ed.) 763; Cooley on Taxation (2d ed.), 678; *Southern Express Co.* v. *Rose Co.*, 124 *Ga.* 581, 588 (53 S. E. 185, 5 L. R. A. (N. S.) 619); *State of Georgia* v. *Southern Express Co.*, 133 *Ga.* 113 (65 S. E. 282). The burden is upon every political division of the State, which demands taxes from the people, to show the authority to exercise it in the manner in which it has been imposed. *Southern Express Co.* v. *Rose Co.*, supra.

2. The Mayor and Council of Unadilla cannot lawfully assess unreturned property within its corporate limits for taxation, without provision for giving notice to the taxpayer, together with opportunity for a hearing, before such assessment shall have been made. Georgia Laws (1910), pp. 27, 29, secs. 8, 9; Park's Ann. Code, § 1061 (a). If such delinquent refuses to return his property after notice given, the property may be assessed from the best information obtainable as to its value for the years in default, written notice thereof being given to the taxpayer, which assessment shall be final unless the taxpayer, within twenty days after receiving such notice, raises the question that it is excessive, in which event the question of valuation shall be referred to arbitration. Acts 1910, p. 29, sec. 9; Park's Ann. Code, § 1061 (b). Where the tax liability of the property is contested, the

37

property-owner may resort to equity. Park's Ann. Code, § 1061(c). See Central of Georgia Ry. Co. *v.* Wright, 207 U. S. 127 (28 Sup. Ct. 47, 52 L. ed. 134, 12 Ann. Cas. 463). No provision of law has been made in the charter of Unadilla for such notice and hearing; and counsel for defendants, on the hearing, admitted "that there was no return made for taxes for the years 1917, 1918, and 1919; and that no notice was given to plaintiff before the assessment." The law in this respect was not changed by the act of 1918 (Ga. L. 1918, p. 232). Moreover, notice must be provided by law, and not awarded as a mere matter of favor or grace. Therefore the court erred in rendering a judgment refusing the injunction.

3. Error was assigned on the judgment refusing an injunction, on other grounds; and also there was an assignment of error on the judgment rendered in favor of the defendant for the amount of taxes adjudged to be due with interest and costs. The judgment as a whole having been reversed on another ground, it follows that the portion of the judgment rendered in favor of the defendant against the plaintiff for the amount of the taxes due is also set aside. None of the other grounds upon which error is assigned on the judgment are of such character as would require a reversal of the judgment, nor are they of such character as to require that they be dealt with in detail.

*Judgment reversed. All the Justices concur.*

No. 3202. NOVEMBER 24, 1922.

Petition for injunction. Before Judge Gower. Dooly superior court. March 15, 1922.

Mrs. M. M. Lane filed suit against the Mayor and Council of Unadilla, and J. F. Watson, marshal, seeking to enjoin the defendants from selling property of the plaintiff, "levied upon by the marshal under three executions for city taxes for the years 1917, 1918, and 1919; and from further levying under or further proceeding against plaintiff upon each and all of said fi. fas.; and from further depriving plaintiff of the possession, free use, and control of said property." On the final hearing both parties introduced evidence, and certain admissions were made as to facts in the case in lieu of certain testimony; after which the injunction was refused, and judgment was rendered in favor of the defendant for the amount of the taxes adjudged to be due with interest and costs. The plaintiff excepted on the following grounds, among others: There was no return made by the plaintiff to said municipality or its tax officers of property for taxation for the years 1917, 1918, and 1919, for which said tax executions issued; and no notice was given to the plaintiff, demanding a return of her property for taxation, as provided by sections 1061(a) and 1061(b) of Park's Annotated Code of Georgia, codifying the act of August

13, 1910, of the Georgia legislature; and the municipal tax-receiver, and other tax officers of said municipality having failed to give the notice so provided, and the property not having ever been returned by plaintiff or any one for her, the assessments on plaintiff's property for each of said years, upon which said assessments the respective tax executions in question were based, were illegal and void, and each of said tax executions was therefore void, illegal and unenforceable; and the injunction prayed against further proceeding thereon should have been granted.

*Arthur H. Codington* and *Max E. Land,* for plaintiff.

*Watts Powell* and *Crum & Jones,* for defendant.