## MAYOR &c. OF DANVILLE *v.* WILKINSON COUNTY.

The act of the General Assembly, approved August 20, 1927, providing a method of changing county lines where a municipality having a population, under the census of 1920 or under any future census of the United States, of more than 400 and less than 500, lies within two counties, is unconstitutional and void, because it is in conflict with a general law found in the Civil Code (1910), § 468 et seq. The constitution forbids enactment of any special law where provision has been made for the same subject-matter by general law.. Civil Code (1910), § 6391.

No. 6475. MAY 18, 1928.

Injunction. Before Judge Park. Wilkinson superior court. January 26, 1928.

*James D. Shannon,* for plaintiff in error.

*Victor Davidson, Eli B. Hubbard,* and *George H. Carswell,* contra.

GILBERT, J. Danville is a Georgia "town." Ga. Laws 1922, p. 725. It has a population of 436. Danville by its charter extends over the county line separating Twiggs and Wilkinson Counties. The town authorities have instituted proceedings intended to so change the county line that it will not run through the town, but will encircle it. The effect would be to leave the entire town in one of the counties, thus wholly excluding the other county from any claim of jurisdiction for taxation or other purposes. The municipal authorities are proceeding under the act of the General Assembly approved August 20, 1927 (Ga. Laws 1927, p. 209). Wilkinson County filed a petition alleging substantially the above facts; and further, that an election had been ordered to carry out said plan, and that the said act was invalid, void and unconstitutional, because it was in conflict with that provision of the Georgia constitution which declared: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." Civil Code (1910), § 6391. The act of 1927 provides "that whenever the boundary lines of one (1) or more of the counties of this State shall lie within the corporate lines of any town or city having a population of not less than four hundred (400) or more than five hundred (500) inhabitants, according to the census of 1920 or any future census, and it is desired to change the county lines and bring the said town or city wholly within the limits of one (1) county only, the change of such county lines shall

be effected in the following manner," etc., the act providing for notice and a referendum to the voters. The law in effect at the time of passage of the 1927 act referred to is found in Civil Code (1910), § 468 et seq.

According to the evidence there were only two other towns in Georgia entitled by authority of the United States census to qualify in the "400" class: Barwick, athwart, so to speak, the Brooks-Thomas County line, population 422; and High Shoals, population 424, which spreads or expands over portions of three counties, Morgan, Oconee, and Walton. Thus we see that the act of 1927 at this time, if valid, would apply to three municipalities only. Counsel for plaintiff in error argues that future census enumerations will place other towns in the classification in question, calling attention to Alto, with a population of 168, partly in Banks and partly in Habersham Counties; Baldwin in the same two counties; Belltown and Gillstown, both in Banks and Hall Counties; and Ficklin, in Taliaferro and Wilkes Counties. It could be argued that still other towns might come within the terms of the act by losing population, the maximum provided by it being 500. Atlanta for many years was altogether in Fulton County, but to-day is partly in Fulton and partly in DeKalb. Larger cities than Atlanta have disappeared entirely. Many such might be named. Babylon may be mentioned as an example. It had a walled circumference of 55 miles lying upon both sides of the Euphrates river. St. Petersberg, now Leningrad, in a decade lost more population than Atlanta has ever had. But viewing the act in question as of the date of its passage, we think the case is clearly within the principle ruled in the cases already decided by this court, and that it falls under the general principle well stated as follows: "The legislature may make classification for purposes of legislation and pass general laws with reference to such classes. They may classify counties. The basis of classification must have some reasonable relation to the subject-matter of the law, and must furnish a legitimate ground of differentiation. Mere arbitrary discriminations are not permissible under the constitution. If a legitimate classification is made with respect to persons, the law must be applicable to all persons within the class or coming within the class. If the classification is sought to be made with reference to counties, and the basis of classification is legal, the law must apply to all counties within

the class, or which may come within the class. The legislature could not constitutionally classify one county by itself. There must be some reasonable basis of classification, so that all which fall within the class may come within the scope of the provisions of the law. Although the act may purport to make a classification of counties for purposes of legislation, yet if the so-called class is so hedged about and restricted that the act applies to only one county, and that other counties coming within the class provided can not also come within the purview of the law, it is in fact a local or special act and not a general one." *Stewart* v. *Anderson*, 140 *Ga.* 31, 33 (78 S. E. 457); *Worth County* v. *Crisp County*, 139 *Ga.* 117 (76 S. E. 747); *Wilkinson County* v. *Twiggs County*, 150 *Ga.* 583 (104 S. E. 418).

Some of the cases above cited are more restricted than the act dealt with in this case. They deal with cases purporting to be of a general nature, but really having application to single counties. We deem it unnecessary to elaborate further the statement in the above quotation. There are, of course, a large number of other cases dealing with similar acts, depending upon the wording of the respective acts.

Applying the principle above stated, we are necessarily led to the conclusion that the court did not err in holding the act unconstitutional; and this ruling renders it unnecessary to deal with any other question raised.

*Judgment affirmed. All the Justices concur.*