CHRISTIAN, Commissioner, *v.* MORELAND, Sheriff

No. 16006. NOVEMBER 12, 1947.

*M. L. Harris* and *McClure & McClure,* for plaintiff in error.

*D. W. Mitchell, W. H. Bolling,* and *Gene Holcombe,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) The act in question having been passed in 1943, its validity must be determined by the Constitution of 1877. If unconstitutional then, it is forever void. *Jones* v. *McCaskill,* 112 *Ga.* 453, 456 (37 S. E. 724).

The provision of the Constitution of 1877 here involved is art. 1, sec. 4, par. 1 (Code, § 2-401), to wit: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law."

In *Chappell* v. *Kilgore,* 196 *Ga.* 591 (27 S. E. 2d, 89), where, by an act of the General Assembly, it had been sought to supplement

the compensation of a sheriff by fixing a salary as a jailor, it was clearly stated—as had previously been ruled in *Atkinson* v. *Bailey,* 135 *Ga.* 336 (69 S. E. 540)—that the Code section fixing the compensation of sheriffs and providing from whom and in what manner it shall be received constituted a general law. In that case it was held that being the jailor was part of the sheriff's duties for which compensation was provided under the general law. It is insisted that the provision for additional compensation in the instant case is not covered by the provisions of the general law, for the reason that it is for "extra duties imposed on such sheriffs because of the national defense activities," and that it will only "remain in effect until six months after the duration of the present World War." We cannot agree to this view. As a part of the general law fixing the compensation of sheriffs, the Code, § 24-2822, provides a means for the procurement thereof, to wit, "or, upon an omission of the law, to such reasonable compensation as the grand jury shall award."

This act being applicable only in counties having a population of not more than 12,210 and not less than 12,190 according to the Federal Census of 1940 and any future Federal Census, and the answer—which upon demurrer must be taken as true—asserting that the "act is a special law enacted solely for the benefit of the Sheriff of Catoosa County," it is a special act under the rulings in *Worth County* v. *Crisp County,* 139 *Ga.* 117 (76 S. E. 747) ; *Wilkinson County* v. *Twiggs County,* 150 *Ga.* 583 (104 S. E. 418) ; *Mayor &c. of Danville* v. *Wilkinson County,* 166 *Ga.* 460 (143 S. E. 769) ; *Gibson* v. *Hood,* 185 *Ga.* 426 (195 S. E. 444) ; *Jones* v. *Methvin,* 193 *Ga.* 17 (17 S. E. 2d, 172).

Accordingly, the court erred in sustaining a demurrer to the answer of the commissioner.

*Judgment reversed. All the Justices concur, except Head, J., disqualified, and Wyatt, J., who took no part in the consideration or decision of this case.*