MURPHY *v.* WEST, Comptroller, *et al.*

No. 16486. MARCH 14, 1949. REHEARING DENIED MARCH 28, 1949.

*Noah J. Stone,* for plaintiff.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth,* and *J. E. Feagin,* for defendants.

HEAD, Justice. ■ The plaintiff in error contends that the act approved March 28, 1947 (Ga. L. 1947, p. 1635), amending an act approved August 20, 1927 (Ga. L. 1927, p. 265), is unconstitutional; and that the requirement of the amendatory act, that he be retired at the age of seventy years, is therefore null and void, and he is entitled to compensation from the City of Atlanta. If it should be determined that the amendatory act is constitutional, then the plaintiff in error contends that he is entitled to a pension under section 6 of the amendatory act.

The plaintiff in error contends that the amendatory act of 1947 is a local or special law, and that it was enacted in violation of the Constitution, art. 3, sec. 7, par. 15 (Code, Ann., § 2-1915), providing for the advertisement of all local or special acts. Neither the original act of 1927, nor the amendatory act of 1947, is prima facie a local or special act. The original act of 1927 by its caption provides in part: "An Act to provide that cities having a population of more than 150,000 by the United States Census of 1920, or subsequent census, shall, etc." The caption of the amendatory act of 1947 follows the caption of the original act. As shown by the captions of the original and the amendatory acts, the legislature made a classification for the purpose of legislation, and enacted what purports to be a general law applicable to all cities falling within the classification made.

In *Stewart* v. *Anderson,* 140 *Ga.* 31 (78 S. E. 457), it was held that the General Assembly may make a classification for the purpose of legislation, and that, if a classification is made, to be legal it must apply to all coming within the class, or which may come within the class. An examination of the act under consideration in the *Stewart* case (Ga. L. 1911, pp. 186-197) clearly reveals that the act contained so many restrictions and limitations that it could not apply, as was pointed out by this court, to any county except the County of Fulton. Thus, while the act of 1911, under consideration in the *Stewart* case, was held to be a special act, and unconstitutional as being in conflict with the general law, the decision in that case, being by a full bench,

is binding authority for the proposition that population may properly furnish a basis for classification, provided it is open to let in all who may come within the classification made. *Abbot* v. *Commissioners of Fulton County*, 160 *Ga.* 657 (129 S. E. 38); *Sumter County* v. *Allen*, 193 *Ga.* 171, 176 (17 S. E. 2d, 567). In the amendatory act of 1947, and the original act of 1927, there is no basis of classification used other than population, and no city in the State can therefore be excluded in the future from falling within the classification made.

It is contended by the plaintiff in error that the classification in this case on the basis of population is such as to make it apply to only one city, and that an examination of the last Federal census will reveal that this is true; and in addition it is contended that it will probably be many years before any other city in the State would come within the classification made. It has been approximately nine years since the last Federal census, and this court is not advised, officially or otherwise, as to the growth or increase in population in any of the cities of this State. Legislative acts, however, will not be upset upon speculation as to what may or may not exist. In order to justify declaring an act of the General Assembly unconstitutional and void, the conflict between the act and the Constitution must be clear and plain. *Flint River Steamboat Co.* v. *Foster*, 5 *Ga.* 194; *Turman* v. *Cargill & Daniel*, 54 *Ga.* 663; *Wellborn* v. *Estes*, 70 *Ga.* 390; *Wright* v. *Hirsch*, 155 *Ga.* 229 (116 S. E. 795); *Wright* v. *Fulton County*; 169 *Ga.* 354 (150 S. E. 262); *Mayes* v. *Daniel*, 186 *Ga.* 345 (198 S. E. 535). No such conflict appears in this case. The act under attack (Ga. L. 1947, p. 1635) is not a local or special law. It does not, therefore, violate the provisions of the Constitution pertaining to the advertisement of a local act.

The contention of the plaintiff in error, that the requirement of the amendatory act, that employees shall retire upon reaching seventy years of age, violates art. 1, sec. 1, par. 2, and art. 1, sec. 5, par. 2, of the Constitution, is clearly without merit. In *Cooper* v. *Rollins*, 152 *Ga.* 592 (110 S. E. 726), it was held: "Our State Constitution only requires a law to have uniform operation; and that means that it shall apply to all persons, matters, or things which it is intended to affect. If it operates alike

on all who come within the scope of its provisions, constitutional uniformity is secured. Uniformity does not mean universality. This constitutional provision is complied with when the law operates uniformly upon all persons who are brought within the relations and circumstances provided by it."

■ By section 6 of the amendatory act of 1947 it is provided that all officers and employees shall be compelled to retire at the end of the calendar year following their seventieth birthday, and it is further provided in section 6: "All such officers and employees shall be entitled to a pension when so retiring, whether they have served 25 years or not. For example, if such officer or employee has served 10 years, he shall be entitled to 10/25ths of the pension that *he would be entitled to had he served 25 years.*" (Italics ours.) It is contended that by this provision a pension is granted to all employees upon reaching the age of seventy years, although it is conceded that the plaintiff in error did not contribute to the pension fund.

The amendatory act does not purport to repeal the provisions of the original act, section 7, which provides: "In case any employee or officers objects to the deduction of said salary or wages of said two per cent, or otherwise objects to the payment of said two per centum, such officer or employee shall not be entitled to the pension provided by this act."

Had the plaintiff in error served 25 years under the terms of the original act, he would not be entitled to a pension, since he declined to make himself eligible by paying the required amount to the pension fund. Section 6 of the amendatory act supplements the original act so as to extend the provisions of the act to persons who have reached seventy years of age, but who have not served 25 years. The purpose of the amendment is to allow such persons who had qualified and made the payments required by the original act to draw a pension based on the period of their employment. Section 7 of the original act is not repealed by the amendatory act of 1947, either directly or by implication. The provisions of section 7 of the original act and section 6 of the amendatory act are entirely in harmony. In order for any employee to receive a pension, he must have contributed to the pension fund. The plaintiff in error elected not to contribute to

this fund. By his election he·has barred himself from coming within the provisions of the act as a pensioner.

Since the petition does not set out a cause of action for any relief prayed, it was not error for the trial court to sustain the demurrers thereto. *Judgment affirmed. All the Justices concur.*