TIFT *et al.,* Commissioners, *v.* BUSH *et al.*
BUSH *v.* TIFT *et al.,* Commissioners, *et al.*
CAMPBELL *v.* TIFT *et al.,* Commissioners, *et al.*

Nos. 18134, 18144, 18145. ARGUED FEBRUARY 9, 1953—DECIDED APRIL 14, 1953—REHEARING DENIED ' MAY 13, 1953.

*Farkas, Landau & Davis,* for plaintiffs in error.
*Louis A. Peacock, DeLacey Allen* and *D. C. Campbell Jr.,* contra.

HEAD, Justice. This court will judicially recognize the official census of the United States of 1940, and, under this census, Troup County was the only county in Georgia having a population which would fall within the population classification as provided by the act of 1949 (Ga. L. 1949, pp. 1460-1465), of not less than 40,000 and not more than 50,000 inhabitants. It is apparent from reading the act that it was intended to apply only to Troup County, the county in which it was advertised as a special law, and the only county to which it applied at the time of its passage.

Even if it could be held that the subject matter of the act had such reasonable relation to population that a classification could be made for a general law, the act in this case is a special law. An act which is limited in its classification and otherwise hedged about by restrictions so that it can apply to only one county at the time of its passage is a special, and not a general, act. *Stewart* v. *Anderson,* 140 *Ga.* 31 (78 S. E. 457); *Mayor &c. of Danville* v. *Wilkinson County,* 166 *Ga.* 460 (143 S. E. 769); *Marbut* v. *Hollingshead,* 172 *Ga.* 531 (158 S. E. 28); *Gibson* v. *Hood,* 185 *Ga.* 426 (195 S. E. 444); *Christian* v. *Moreland,* 203 *Ga.* 20 (45 S. E. 2d, 201); *Hasty* v. *Hamrick,* 205 *Ga.* 84 (52 S. E. 2d, 470).

Dougherty and Hall Counties fall within the population classification of the act under the official census of 1950, and are the only counties, in addition to Troup, that could ever come under the terms and provisions of the 1949 act. Other counties might fall within the population brackets under some future census, but the restrictions and limitations of the act would make it inapplicable to any county after the 1950 census.

In order for an act which makes a classification by population to be general, rather than special, it must not only be open to let in counties subsequently falling within the class, but must be open to let out a county which, either by increase or decrease according to the last census, ceases to have the required population. The act of 1949 applies "to all counties in the State of Georgia having, according to the official United States census of 1940, a population of not less than forty thousand inhabitants, and not more than fifty thousand inhabitants, and to all counties in this State which may have by any future census of the United

States a population of forty thousand inhabitants and not more than fifty thousand inhabitants."

In *Sumter County* v. *Allen,* 193 *Ga.* 171 (17 S. E. 2d, 567), it was held that, where the alternative expression, "or any subsequent United States census," was used, a county might fall below the minimum-population bracket and be released from the terms and provisions of the act. Such is not true in the present case. The conjunctive word "and" having been used, regardless of any future census, Troup County is "frozen" within the terms of the act, and neither Dougherty nor Hall County could be released from the provisions of the act either by increase or decrease in population, in opposition to the rule that, in order for an act to be a general law, the classification must be open to let out a county which, either by increase or decrease, ceases to have the population provided by the act. See *Estes* v. *Jones,* 203 *Ga.* 686 (48 S. E. 2d, 99).

The trial judge, in ruling on the constitutionality of the 1949 act (Ga. L. 1949, pp. 1460-1465), held in part: "Whatever evil the legislature meant to correct and the remedy therefor, was for *Troup County* and the court holds the act is a special or local law. If Dougherty County should come within the provisions of the Act of 1949, same is unconstitutional because not advertised in Dougherty County, the locality to be affected, pursuant to the aforementioned constitutional provision. [Constitution, article 3, section 7, paragraph 15, Code, Ann., § 2-1915]."

The trial judge having determined that the act of 1949 was a special law, his ruling that it could not apply to Dougherty County was not unauthorized. See *Robertson* v. *Temple,* 207 *Ga.* 311, 312 (61 S. E. 2d, 285).

We will not assume that the General Assembly intended to enact an unconstitutional law with reference to the only two counties (other than the County of Troup) that might ever come within the terms of the act. On the contrary, it was the apparent legislative intent to enact a valid special law for the County of Troup. See *Houlihan* v. *Saussy,* 206 *Ga.* 1 (55 S. E. 2d, 557).

*Judgment affirmed on the main bill of exceptions; cross-bill*

*of exceptions dismissed.. All the Justices concur, except Atkinson, P. J., not participating. Duckworth, C. J., and Candler, J., concur in the judgment only.*