20988. CITY OF ATLANTA v. GOWER *et al.*

ARGUED SEPTEMBER 15, 1960—DECIDED OCTOBER 11, 1960.

*J. C. Savage, Edwin L. Sterne, Robert F. Lyle,* for plaintiff in error.

*Wm. T. Brooks,* contra.

*Arnall, Golden & Gregory,* for parties at interest not parties to record.

HEAD, Presiding Justice. By an act approved August 17, 1920 (Ga. L. 1920, p. 16), § 88 of the General Tax Act of 1918 (Ga. L. 1918, pp. 43, 66) was amended so as to provide that

"no municipal corporation or county authorities shall levy or collect any additional tax on the professions, businesses or occupations enumerated" in § 88. The amendment of 1920 was included in the General Tax Act of 1927, paragraph 3, (Ga. L. 1927, pp. 56, 58), and in the General Tax Act of 1935, paragraph 3, (Ga. L. 1935, pp. 11, 13), relating to professions. By an act approved February 19, 1951 (Ga. L. 1951, pp. 157-175), many provisions of the General Tax Act of 1935 were repealed in their entirety, including paragraph 3 of that.act, imposing a tax upon professions. By an act approved February 25, 1953 (Ga. L. 1953, Jan.-Feb. Sess., pp. 207-208), the General Assembly provided that no municipal corporation or county authority shall levy or collect any license, occupation, or professional tax on professions classified and formerly taxed by the General Tax Act, including the practice of law, except in the place where the practitioner shall maintain his principal office. It was further provided that such levy "shall not exceed the levy imposed under the laws of the State of Georgia as the same existed in 1950." Under paragraph 3 of the General Tax Act of 1935, the State tax imposed upon attorneys and other professions was $15. The act of 1953 is a general law having State-wide application, and in the absence of some other constitutional general law, the City of Atlanta would be prohibited by the act of 1953 from levying a tax on the professions named in the General Tax Ordinance of the city in a sum greater than $15.

Municipal corporations can levy no tax, general or special, upon the inhabitants of the municipality, or upon property therein, unless the power to do so be plainly and unmistakably granted by the State, and the burden is upon every political subdivision of the State which demands taxes from the people to show authority to exercise it in the manner in which it has been imposed by a valid law of this State. *Lane v. Mayor &c. of Unadilla*, 154 Ga. 577 (114 S. E. 636); *O'Neal v. Whitley*, 177 Ga. 491, 492 (170 S. E. 376); *Pullman Co. v. Suttles*, 187 Ga. 217 (199 S. E. 821); *Lewis & Holmes Motor Freight Corp. v. City of Atlanta*, 195 Ga. 810 (25 S. E. 2d 699); *Publix-Lucas Theaters v. City of Brunswick*, 206 Ga. 206, 210 (56 S. E. 2d 254).

In the present case, the City of Atlanta relies on an act of

the General Assembly approved March 25, 1959 (Ga. L. 1959, pp. 3251-3252), as amended by an act approved March 17, 1960 (Ga. L. 1960, pp. 2847-2848), as legislative authority for the amendment to the General Tax Ordinance of the city. The 1959 act is as follows:

"Section 1. This Act shall apply to all cities in the state having a population of more than 300,000 according to the last or any future Federal Decennial Census.

"Section 2. The mayor and board of aldermen of such city shall have full power and authority to require any person, firm, corporation or company engaged in, prosecuting or carrying on, or who may engage in, prosecute or carry on any trade, business, calling, avocation or profession, to register their names and businesses, calling, avocation or profession annually, and to require such person, company or association to pay for such registration and for license to engage in, prosecute or carry on such business, calling or profession aforesaid, such fee, charge or tax, as said mayor and board of aldermen may deem expedient for the safety, benefit, convenience and advantage of said city. Said tax, registration fee or license herein provided for shall be imposed in the discretion of the mayor and board of aldermen.

"Section 3. All laws and parts of laws in conflict herewith are hereby repealed."

Under the rulings of this court in *Stewart v. Anderson*, 140 Ga. 31 (78 S. E. 457), the legislature would be authorized to make a classification of cities on the basis of population, and pass a general law with reference to such classification, provided the basis of classification has some reasonable relation to the subject matter of the law, and furnishes a legitimate ground for differentiation, and provided that the act is so framed as to let in all cities coming within the population classification, and let out all cities falling below the classification. *Murphy v. West*, 205 Ga. 116 (52 S. E. 2d 600); *Barge v. Camp*, 209 Ga. 38 (70 S. E. 2d 360); *Irwin County Electric Membership Corp. v. Haddock*, 214 Ga. 682 (107 S. E. 2d 195). In the three cases last cited, it was not shown that any county was excluded from coming within the provisions of the act by any limitation or restriction contained in the act. Where a classification is made on the

basis of population as to counties or cities, and the act is so limited and restricted that all counties or cities which may come within the population class can not come within the provisions of the act, it is not a general law. *Crovatt v. Mason,* 101 Ga. 246, 251 (28 S. E. 891); *Sasser v. Martin,* 101 Ga. 447, 456 (29 S. E. 278); *Cooper v. Rollins,* 152 Ga. 588, 592 (110 S. E. 726, 20 A. L. R. 1105); *Mayor &c. of Danville v. Wilkinson County,* 166 Ga. 460 (143 S. E. 769); *Gibson v. Hood,* 185 Ga. 426, 430 (195 S. E. 444); *Jackson v. Baker,* 207 Ga. 446 (62 S. E. 2d 162); *Tift v. Bush,* 209 Ga. 769 (75 S. E. 2d 805).

All cities having the required population under any future census could not come within the terms and provisions of the act of 1959 herein quoted. This court is bound to take judicial notice of the laws and resolutions enacted by the General Assembly of this State. *Code* § 38-112. Of the six largest cities in this State having a population of less than 300,000, only two are governed by a mayor and board of aldermen, one is governed by a mayor and city council, and three have a city-commission form of government. The limitation of the 1959 act to those cities governed by a mayor and board of aldermen is such a restriction on its scope that the act is not a general law, since all cities which in the future might come within the population classification can not come within the provisions of the act.

By an act approved March 17, 1960 (Ga. L. 1960, pp. 2847-2848), the General Assembly purported to amend the 1959 act, by adding on the words, "the mayor and council or other governing authority," to follow the words, "mayor and board of aldermen," wherever they appeared in the act. This amendment could not add anything of substance to the invalid and unconstitutional act of 1959. "The time with reference to which the constitutionality of an act of the General Assembly is to be determined is the date of its passage, and if it is unconstitutional then, it is forever void." *Jones v. McCaskill,* 112 Ga. 453, 456 (37 S. E. 724); *Christian v. Moreland,* 203 Ga. 20 (45 S. E. 2d 201); *Grayson-Robinson Stores v. Oneida, Ltd.,* 209 Ga. 613, 617 (75 S. E. 2d 161).

The act of 1959 purports to authorize unlimited taxation of all professions. The statement of Chief Justice Marshall that

"An unlimited power to tax involves, necessarily, a power to destroy" (McCulloch v. Maryland, 4 Wheat. 316, 327), is applicable to all unlimited powers of taxation. Such unlimited power of taxation as contained in the 1959 act has no reasonable relation to a purported classification of cities. Why should cities of any number of inhabitants less than 300,000 be permitted to tax professions on an annual basis in the sum of $15 only, and cities of more than 300,000 have the power to impose unlimited taxes on such professions? Such classification is arbitrary, unreasonable, and can have no logical basis or support with reference to the population classification purported to be made.

The 1959 act also purports to convey to such cities the power to require all persons in the class of professions taxed by the act "to pay for such registration and for license to engage in, etc." Purported authority to cities of more than 300,000 to require an additional license of professions licensed and regulated by the State can have no reasonable or substantial relation to the classification. The 1959 act wholly fails to establish or show any basis for distinction or differentiation. *Geele v. State,* 202 Ga. 381 (43 S. E. 2d 254, 172 A. L. R. 196).

*Judgment affirmed. All the Justices concur.*