A06A0851. MAYOR & COUNCIL OF THE CITY OF FORT VALLEY et al. v. GRILLS.
(638 SE2d 830)

JOHNSON, Presiding Judge.

Joseph Grills filed an action for declaratory judgment against the Mayor, Council, and Administrator of the City of Fort Valley (collectively, "the City"), seeking to determine the legality of a $75 collection fee charged by the City to persons paying overdue property taxes. The trial court granted judgment for Grills, holding that the City had no statutory authority to collect the fee until after the property was levied upon. The City appeals.

Grills purchased real property in 2002 and assumed responsibility for paying taxes on the property. When the 2002 tax assessment on the property went unpaid, the City issued an execution against the former owner for unpaid property taxes of $188, plus "costs and interests" of $44, for a total of $232. The City referred the matter to a law firm for collection.

The law firm sent Grills a letter demanding payment of $232 plus a "Collection fee" of $75, for a total of $307. According to the City, the collection fee represents "a charge for reimbursement of the City's costs and expenses associated with delinquent tax collection process." More specifically, the City has stated that the fee represents costs and expenses incurred in the tax execution process, namely the costs of

examining the delinquent tax list, researching title, records and owners' current addresses, and preparing and mailing correspondence to owners.

Grills refused to pay the $75 collection fee, and filed the underlying action.[1] He complained that the law only allows the collection of such a fee after a tax sale, and that no such sale occurred here. We agree with the trial court's holding that the City is not authorized to collect the fee in this case, and so affirm.

OCGA § 48-5-161 (c) (2) provides, in pertinent part, that *once a levy is made*, the sheriff shall collect, in addition to any other costs, actual expenses incurred by the county[2] in issuing the execution and administering the levy by imposing a levy administration fee of five percent of the delinquent tax or $250, whichever is less, but no less than $50. Thus, expenses incurred in issuing the execution and administering the levy are limited to these amounts, and are only collectible once a levy is made.

The City urges that the law allows for collection of such costs prior to a tax sale. The City relies on OCGA § 48-3-9 (a), which provides that before property is advertised or sold, the City must give the taxpayer notice of its intent to sell and must include in the notice a statement of the taxes due together with accrued costs.

The City's reliance on this statute is misplaced. OCGA § 48-3-9 (a) sets forth requirements concerning the information which must be included in a notice of levy in the days before the property is advertised and levied upon, who must be given the notice, and the manner and time for delivery of the notice. While the statute does provide that the amount of "accrued costs" is to be listed on the notice of levy, it neither indicates that "accrued costs" include the types of costs the City is attempting to collect here,[3] nor provides that such costs are collectible prior to advertisement and levy. In contrast, OCGA § 48-5-161 (c) (2) expressly provides that the expenses of execution and levy are collectible *once a levy is made*. If the two statutes conflict, the specific statute, OCGA § 48-5-161 (c) (2), governs over the general one.[4]

We point out that cities

---

[1] Grills paid all but the $75 collection fee into the registry of the trial court.

[2] Although the statute specifies "county" rather than "city," the time, place, and manner of the sale of real estate for taxes due municipalities shall be the same as that provided by law for sheriffs' sales for state and county taxes. OCGA § 48-5-359 (a).

[3] We note that the City also included charges of $44 for "costs and interests," which Grills eventually paid into the court registry, before referring the matter to the law firm. The law firm then added the disputed $75 collection fee, which it maintains is for costs and expenses related to the tax execution process.

[4] *Moon v. Terrell County*, 249 Ga. App. 567, 569 (2) (548 SE2d 680) (2001).

can levy no tax, general or special, upon . . . property therein, unless the power to do so be plainly and unmistakably granted by the State, and the burden is upon every political subdivision of the State which demands taxes from the people to show authority to exercise it in the manner in which it has been imposed by a valid law of this State.[5]

The City has not shown it is authorized to collect a $75 fee for expenses incurred in connection with the tax execution prior to a levy. *Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED NOVEMBER 15, 2006.

*Jones & Oliver, Charles E. Jones*, for appellants.
*Adams & Adams, Charles R. Adams, Jr.*, for appellee.

---

[5] (Citations omitted.) *City of Atlanta v. Gower*, 216 Ga. 368, 370 (116 SE2d 738) (1960).
[1] See OCGA §§ 9-2-60 (b); 9-11-41 (e).