26073. BLACK et al. v. BLANCHARD.

HAWES, Justice. This is a proceeding in the nature of a quo warranto by which the plaintiffs sought to test the right of the defendant to hold the office of County School Superintendent of Columbia County. At issue is the constitutionality of § 2 of the Act approved April 9, 1963 (Ga. L. 1963, pp. 356-357). Section 1 of that Act struck the old *Code* § 32-1004, and enacted in lieu thereof a new § 32-1004 substantially increasing the minimum educational and professional requirements of county school superintendents. Section 2 of the Act here challenged is a so-called "Grandfather" clause which exempts from the provisions of re-enacted § 32-1004 any person holding the office of county superintendent of schools at the time of the effective date of the Act and any person who has served at least one term as county school superintendent. It is conceded that the defendant does not satisfy all of the qualifications set forth in § 32-1004 as amended by the 1963 Act, and that he was qualified to hold the office of county school superintendent at the time he was elected only by virtue of the provisions of § 2 of that Act and by reason of his having held the position of Superintendent of Schools of Columbia County, Georgia, continuously and without interruption, since January 1, 1949, said period covering more than one term as county superintendent of schools. The plaintiffs contended that the provision of Sec. 2 of the 1963 Act exempting any person who had served at least one term as county school superintendent is unconstitutional as being in violation of Art. I, Sec. 4, Par. I (*Code Ann.* § 2-401) of the Constitution which forbids the enactment of any special law in any case for which provision has been made by an existing general law in that § 32-1004 is a general law fixing the qualifications of county school superintendent, while Sec. 2 purports

to make an exception thereto and thus prevents the law from having uniform operation; that it is violative of Art. I, Sec. I, Par. II (*Code Ann.* § 2-102) of the Constitution, the equal protection clause, in that it denies the school children of Columbia County and other counties similarly situated the services of a county school superintendent of the qualifications required of superintendents in other counties. When the matter came on for a hearing, the trial court passed an order finding that the defendant is qualified to hold the office of Superintendent of Schools of Columbia County, Georgia. Plaintiffs appealed to this court.

1. The main question at issue here is whether classification made by Sec. 2 of the 1963 Act is a valid classification for the purpose of fixing the qualifications of persons to be county school superintendents. The courts ought not to declare an Act of the legislature unconstitutional unless the conflict between the Act and the Constitution is so clear and palpable as to leave no room for doubt. *Murphy v. West,* 205 Ga. 116, 120 (52 SE2d 600); *Barge v. Camp,* 209 Ga. 38, 43 (70 SE2d 360). It is well established that the General Assembly may classify persons and things for the purpose of legislation and that if a particular law operates uniformly on all those within a class it will not be violative of Art. I, Sec. IV, Par. I (*Code Ann.* § 2-401) of the Constitution if the classification so made furnishes a legitimate ground of differentiation and bears a reasonable relation to the objective sought to be accomplished by the law. *King v. State,* 136 Ga. 709, 718 (71 SE 1093); *Stewart v. Anderson,* 140 Ga. 31, 33 (78 SE 457); *City of Atlanta v. Gower,* 216 Ga. 368, 371 (116 SE2d 738). "Our State Constitution only requires a law to have uniform operation; and that means that it shall apply to all persons, matters, or things which it is intended to affect. If it operates alike on all who come within the scope of its provisions, consititutional uniformity is secured. Uniformity does not mean universality. This constitutional provision is complied with when the law operates uniformly upon all persons who are brought within the relations and circumstances provided by it. *Crovait v. Mason,* 101 Ga. 246 (28 SE 891)." *Cooper v. Rollins,* 152 Ga. 588, 592 (110 SE 726, 20 ALR 1105).

We think that, upon application of these principles, the Act here in question does not violate the Constitution as contended. To begin with, the Act, in general, is applicable to every county in the State. It fixes in Sec. 1 the general rules with respect to the qualifications of persons to be county school superintendents. In Sec. 2 it allows exceptions to those qualifications essentially based on experience as a county school superintendent. Whether this is a wise provision is not for our decision. However, it well may be arged that in the absence of such a provision the State and the people would be deprived of the benefit of well experienced men already holding the positions as county school superintendents who are knowledgeable, as a result of their experience in office, of the administrative functions of county schools, and that to dispense with the services of such persons would be more productive of harm than of good. The purpose of the legislature in enacting the 1963 Act was to secure competence in the positions of county school superintendents. It cannot be said, as a matter of law, that the classification established by Sec. 2 bore no reasonable relationship to that purpose. See *Murphy v. West,* 205 Ga. 116, 120, supra; *Jenkins v. Manry,* 216 Ga. 538, 544 (118 SE2d 91).

2. The Act in question does not deny to the electorate of any county the right to choose such person as they see fit to be school superintendent so long as the person so chosen by the voters meets the qualifications fixed by law. The contention of the plaintiffs with respect to the violation of the equal protection clause is without merit. The trial court did not err in rendering the judgment appealed from.

*Judgment affirmed. All the Justices concur.*
ARGUED SEPTEMBER 16, 1970—DECIDED JANUARY 11, 1971.

*Heard & Leverett, E. Freeman Leverett,* for appellants.

*Cumming, Nixon, Yow, Waller & Capers, D. Field Yow, John Fleming, Nicholson & Fleming,* for appellee.