### 32957. McALLISTER et al. v. AMERICAN NATIONAL RED CROSS et al.

UNDERCOFLER, Presiding Justice.

Albert McAllister brought this action[1] against the American National Red Cross and its local affiliate, the Metropolitan Atlanta Chapter of the American National Red Cross, alleging in part that he received "nine unwholesome and defective units of blood products manufactured and sold by the defendants" which caused him to suffer physical and mental diseases. He therefore seeks to recover against the defendants in strict products liability under Code Ann. § 105-106. The trial court granted the defendants' partial summary judgment[2] on the ground that under Code Ann. § 105-1105, Code § 105-106 is inapplicable to blood products and the McAllisters appeal. They raise a constitutional challenge to § 105-1105, which gives this court, rather than the Court of Appeals, jurisdiction to entertain their case. We affirm the trial court's grant of partial summary judgment.

1. Code Ann. § 105-106 (Ga. L. 1968, p. 1167) provides in pertinent part that "the manufacturer of any personal property sold as new property, either directly or through a dealer or any other person, shall be liable in

---

[1] Mrs. McAllister is also a plaintiff, alleging loss of consortium.

[2] Defendants' contention that this judgment is not directly appealable is without merit. Code Ann. § 81A-156 (h).

tort, irrespective of privity, to any natural person who may use, consume or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended and its condition when sold is the proximate cause of the injury sustained; a manufacturer may not exclude or limit the operation hereof." See generally *Center Chemical Co. v. Parzini,* 234 Ga. 868 (218 SE2d 580) (1975). The McAllisters argue that blood and blood products furnished by the defendants constitute the sale of newly manufactured personal property contemplated by this section. The defendants disagree with this contention and rely on the specific exemption under Code Ann. § 105-1105 (Supp. 1977) (Ga. L. 1971), p. 457, infra, making the supplying of blood and blood products a service rather than a sale.

In *Parr v. Palmyra Park Hospital,* 139 Ga. App. 457 (228 SE2d 596) (1976), the Court of Appeals held that, under Code Ann. § 110-1105 (Supp. 1977), hospitals supplying blood to patients did so as part of the rendering of medical "services," rather than as a "sale" of blood, and thus only negligence and not strict products liability was available to the injured patient. Other states have held similarly. E.g., Community Blood Bank v. Russell, 196 S2d 115 (Fla. 1967); Perlmutter v. Beth David Hospital, 308 N. Y. 100 (123 NE2d 792) (1954). The question now before us is whether Code Ann. § 105-1105 applies to other institutions such as the defendants as well as to hospitals.

Code Ann. § 105-1105 is very broad in scope. "The injection, transfusion or other transfer of human whole blood, blood plasma, blood products or blood derivatives and the transplanting or other transfer of any tissue, bones or organs *into or unto [sic] the human body shall not be considered a sale* of any commodity, goods, property, or product subject to sale or barter, but, instead, shall be considered as the rendition of medical services, and no implied warranties of any kind or description shall be applicable thereto, and no *person, firm or corporation participating in such services* shall be liable for damages unless negligence is proven: Provided, however, that section 84-924 [physician's malpractice] shall not be

affected hereby." (Emphasis supplied.) We hold that the clear import of this section is to include not only hospitals, but entities like defendants engaged in providing blood for human use. McMichael v. American Red Cross, 532 SW2d 7 (Ky. 1975); Whitehurst v. American National Red Cross, 1 Ariz. App. 326 (402 P2d 584) (1965); Balkowitsch v. Minneapolis War Memorial Blood Bank, 270 Minn. 151 (132 NW2d 805) (1965). Therefore, the supplying of blood by the defendants being a service rather than a sale, Code Ann. § 105-106 does not apply, and negligence must be shown.[3] It follows, therefore, that the trial court properly granted partial summary judgment on the McAllisters' strict tort liability claim.

2. The McAllisters contend, however, that Code Ann. § 105-1105 is unconstitutional under both the Georgia and Federal Constitutions. Their Georgia constitutional claim is based on the prohibition against special laws (Art. I, Sec. II, Par. VII; Code Ann. § 2-207), and their federal constitutional claim, on the privileges and immunities section of the Fourteenth Amendment.

The McAllisters claim that Code Ann. § 105-1105 exempting "manufacturers of blood" from the strict products liability provision of Code Ann. § 105-106 is a special law contrary to a general law. In so arguing they misconstrue this constitutional provision, which states in pertinent part: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." This section of the state constitution does not mean that general laws may have no exceptions. A law operating uniformly throughout the state, but from which the General Assembly excepts certain persons or things is still a general law. *Butler v. State,* 89 Ga. 821 (15 SE 763) (1892). It is necessary only that the law applies uniformly to the class or classes of persons or things affected by it *(Barge v. Camp,* 209 Ga. 38 (70 SE2d 360) (1952); *Murphy v. West,*

---

[3] Heirs of Fruge v. Blood Services, 365 FSupp. 1344 (W. D. La. 1973) (footnote 3, affd. 506 F2d 841 (5th Cir. 1975)), lists over 40 states with similar code provisions.

205 Ga. 116 (52 SE2d 600) (1949); *Sasser v. Martin,* 101 Ga. 447 (29 SE 278) (1897)), and that the classes included or excluded from its general effect are reasonable and not arbitrary. *City of Atlanta v. Gower,* 216 Ga. 368 (116 SE2d 738) (1960); *Ledger-Enquirer Co. v. Brown,* 213 Ga. 538 (100 SE2d 166) (1957); *Stewart v. Anderson,* 140 Ga. 31 (78 SE 457) (1913); *McGinnis v. Ragsdale,* 116 Ga. 245 (42 SE 492) (1902).

The rationale for excluding blood transfers from the general products liability law is aptly set out in Heirs of Fruge v. Blood Services, 506 F2d 841, 844 (5th Cir. 1975) (Louisiana law). "Six years ago, the Louisiana legislature — like many others — amended its laws to extinguish all causes of action except negligence against blood banks and hospitals supplying whole blood and its components. The reason for this unusual action was simple, and apparently cogent to the legislature: the obvious and overwhelming need for blood and blood products to be used in transfusions and in surgery was barely met by available supplies, and suppliers were threatened by crippling legal liability for a very small but — according to the majority of medical authorities — hard to avoid risk that their blood carried indetectable viral hepatitis. If competent and carefully operated blood banks were to survive, the state legislature believed, they required legislative protection." (Footnotes omitted.) Accord, 72 CJS Supp. 80, Products Liability, § 54 (b). We find this reasoning free from the arbitrariness which would render the exemption of blood suppliers special legislation contrary to the Georgia Constitution and reject this challenge. McDaniel v. Baptist Memorial Hospital, 352 FSupp. 690 (W. D. Tenn.), affd. 469 F2d 230 (6th Cir. 1972).

The privileges and immunities clause of the Fourteenth Amendment provides: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States." We do not see how the McAllisters' rights of national citizenship have been abridged nor do they make any argument in support of their claim. We therefore refuse to hold this statute unconstitutional on this ground. See The Slaughterhouse Cases, 16 Wall. (83 U. S.) 36 (1872).

The trial court properly granted partial summary judgment in favor of the defendants.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 16, 1977 — DECIDED NOVEMBER 28, 1977.

*William R. Parker,* for appellants.
*Freeman & Hawkins, J. Bruce Welch, H. Lane Young,* for appellees.