## 21175

Jack DRIGGERS, Respondent, v. Thomas E. LEWIS, Appellant.
(264 S. E. (2d) 835)

*W. Ray Berry,* Columbia, *for appellant.*

*H. V. Sandifer* and *John Cheatham,* Lexington, *for respondent.*

March 26, 1980.

LEWIS, Chief Justice:

This is an action to recover for loss of consortium and medical expenses resulting from injuries sustained by plaintiff's (respondent's) wife when she was struck by an automobile driven by the defendant (appellant). Upon the trial of the case, the trial judge granted respondent's motion for a directed verdict on the issue of liability and submitted only the issue of the amount of damages to the jury for determination. The jury returned a verdict in respondent's favor

for actual damages. Subsequent motions by appellant for judgment notwithstanding the verdict and, in the alternative, for a new trial were denied; and this appeal followed.

The only question which we need determine is whether it was error to grant a directed verdict. Since we conclude that the material evidence on that issue was in dispute, the judgment must be reversed and a new trial granted. We, of course, view the testimony in the light most favorable to the appellant in determining this issue.

The incident, out of which this action arose, occurred on Saturday night, September 23, 1976, in the parking area adjacent to a business establishment. At the time in question, appellant was seated in his automobile, with the engine running, when respondent's wife approached his vehicle to continue a previous argument. She was standing on the driver's side holding to the door handle. She was told two or three times to release the door handle, inferably, so that appellant could leave; but she refused and continued the argument, attempting at one time to reach the switch key. Appellant then backed his automobile to leave the scene and, in doing so, respondent's wife was thrown to the ground, receiving the injuries here complained of.

Under this testimony, assuming that appellant was negligent or reckless, the alleged persistence of respondeent's wife, in holding on to the door handle of appellant's automobile in order to continue the argument, presented an issue of fact as to her contributory negligence or recklessness; and the trial judge was in error in directing a verdict in the matter.

Judgment is accordingly reversed and the cause remanded for a new trial.

LITTLEJOHN, NESS and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Justice, concur.