## 21362

Hardy DeLOACH, Respondent, v. Elmer Harry WHITNEY, Jr., d/b/a Whitney's Tire Company, Appellant.

(273 S. E. (2d) 768)

*Levin, Sams & Davis, P. A.,* Beaufort, *for appellant.*

*Moss & Bailey,* Beaufort, *for respondent.*

January 6, 1981.

NESS, Justice:

This is a strict liability in tort case. Respondent Hardy DeLoach brought suit against appellant Elmer Harry Whitney, Jr. doing business as Whitney's Tire Company for per-

sonal injuries he received when the valve stem on the front right tire ruptured and he lost control of his car. The trial court denied appellant's motion for a direct verdict on the issue of strict liability. This was erroneous.

The sole issue submitted to the jury was whether the appellant was liable under strict liability for failing to install a new valve stem or not warning respondent of the deteriorated condition of the one on the wheel. The jury returned a verdict for the appellant. Respondent moved for and was granted a new trial because appellant's closing argument was improper and prejudicial. We reverse.

Appellant first asserts the trial court erred in granting a new trial because he was entitled to a directed verdict as a matter of law, and any prejudice from counsel's closing argument was harmless. We agree.

Respondent won four of Whitney's tires in a raffle. He had two of the tires mounted on his car on March 14, 1978, at Whitney's place of business. On April 4, 1978, he had the other two tires installed by Whitney. During the latter installation a deteriorated valve stem, not a part of the tire, was left on the wheel. On May 20, 1978, the valve stem ruptured and DeLoach was injured when his car left the highway.

The complaint in this case alleged three causes of action; (1) negligence; (2) breach of warranty; and (3) strict liability in tort. DeLoach subsequently withdrew the causes of action based on negligence and warranty and proceeded *solely* on strict liability in tort.

Whitney moved for a directed verdict on the issue of strict liability because there had been no *sale* to bring the transaction within § 15-73-10, Code of Laws of S. C. (1976). The trial court denied the motion finding *services* included within the scope of § 15-73-10, *supra*. We disagree.

We held § 15-73-10, *supra,* "—imposes liability upon sellers of products 'in a defective condition unreasonably dangerous to the user or consumer.'" *Marchant v. Mitchell Distributing Co.,* 270 S. C. 29, 35, 240 S. E. (2d) 511, 513 (1977). We are now asked to expand liability under this section to include the negligent installation of a non-defective product, to wit; the tire. We decline to do so.

In *Hoover v. Montgomery Ward & Co., Inc.,* 270 Or. 498, 528 P. (2d) 76 (1974) the Oregon Supreme Court refused to expand the scope of strict liability to include within its definition of "dangerously defective products" the allegedly negligent installation of a non-defective tire. (Defendant allegedly failed to tighten the lug nuts). The Oregon court held the tire sold was not defective, but rather the installation of the wheel on the hub was defective, therefore, not a proper case for strict liability. We have no difficulty with the Oregon court's holding that strict liability is applicable to a defendant supplying or using a "dangerously defective product" in performing his service.

However here, the alleged defect was already present when Whitney performed his service. He neither supplied nor used a defective product in conjunction with mounting the tires on DeLoach's car. The actionable conduct, if any, resulted from his negligence in not examining the valve stem. We conclude this action does not come within the scope of § 15-73-10, *supra.* We decline to expand the scope of strict liability in South Carolina to include the negligent installation of a non-defective product.

Viewing the evidence in this case in the light most favorable to DeLoach, we hold Whitney was entitled to a directed verdict on the issue of strict liability in tort as a matter of law. See *Driggers v. Lewis,* S. C., 264 S. E. (2d) 835 (1980).

> As a directed verdict should have been granted, there was no issue for the jury to decide. Any prejudice which resulted from appellant's closing argument

was harmless and is now moot. The trial court, erred in not directing a verdict in Whitney's favor and in granting De-Loach a new trial.

We find it unnecessary to address appellant's remaining exception. We reverse the order of the trial court granting DeLoach a new trial and remand for entry of a directed verdict in favor of Whitney.

Reversed and remanded.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.