**Randy J. JONES, Elizabeth M. Jones**

v.

**MILES LABORATORIES, INC.,
Individually and d/b/a Cutter
Laboratories.**

**Civ. No. C86–83.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 28, 1987.

See also 700 F.Supp. 1127.

George H. Connell, Jr., Atlanta, Ga., for plaintiffs.

Duncan Barr, O'Connor, Cohn, Dillon & Barr, San Francisco, Cal., A. Timothy Jones, Stephen M. Lore, Freeman & Hawkins, Atlanta, Ga., for defendants.

## ORDER

ORINDA D. EVANS, District Judge.

This diversity action is before the court on Defendant's motion for partial summary judgment. Plaintiff Randy Jones is a hemophiliac. Plaintiffs contend that Defendant, Miles Laboratories, Inc., marketed and sold to Randy Jones a defective product, that being the blood-clotting agent Koate. In addition, Plaintiffs allege that Defendant was negligent in the procurement of human blood plasma used to manufacture Koate and that the company failed to warn Koate users of the potential dangers in-

volved in using the product. As a result, Plaintiff Randy Jones alleges that he has contracted HTLV–III, the virus commonly associated with the disease acquired immune deficiency syndrome (AIDS). Mrs. Jones asserts a claim for loss of consortium, and for mental and emotional distress as a result of being exposed to the AIDS virus.

In essence, the Joneses are asserting three separate theories of recovery against Defendant. The first is strict product liability under O.C.G.A. § 51–1–11. The second is breach of warranty under O.C.G.A. § 11–2–314. The third is common law negligence. In its current motion, Defendants asserts that Plaintiffs' first two claims, strict liability and breach of warranty, are barred by Georgia's "blood shield" statutes, O.C.G.A. §§ 51–1–28 and 11–2–316(5). The former code section exempts transfers of blood, blood derivatives or blood products from lawsuits based on strict liability by mandating that such products be considered medical services and not "goods or a product." That code section provides:

> The injection, transfusion, or other transfer of human whole blood, blood plasma, blood products, or blood derivatives and the transplanting or other transfer of any tissue, bones, or organs into or onto the human body shall not be considered a sale of any commodity, goods, property, or product subject to sale or barter but, instead, shall be considered as the rendition of medical services. No implied warranties of any kind or description shall be applicable thereto and no person, firm, or corporation participating in such services shall be liable for damages unless negligence is proven.

O.C.G.A. § 51–1–28(a). Similarly, such products are exempt from a cause of action under breach of warranty via O.C.G.A. § 11–2–316(5), which provides:

> The implied warranty of merchantability under Code Section 11–2–314 and the implied warranty of fitness for a particular purpose under Code Section 11–2–315

shall not be applicable to the procurement, processing, storage, distribution, or use of whole human blood, blood plasma, blood products, blood derivatives, or other human tissue or organs for the purpose of injecting, transfusing, incorporating, or transplanting any of them into the human body. The injection, transfusion, or other transfer of blood, blood plasma, blood products, or blood derivatives and the transplanting or other transfer of any tissue, bones, or organs into or unto the human body shall not be considered, for the purposes of this article, commodities subject to sale or barter, but shall be considered as medical services.

In opposing this motion, the Plaintiffs do not attempt to argue that Koate is not a blood product. Rather, they argue that the blood shield statutes were not intended to apply to commercial laboratories, such as Defendant, who provide blood products to consumers on a for-profit basis. Plaintiffs contend that the blood shield statutes should be interpreted narrowly, such that they protect only nonprofit organizations.

Such an interpretation of the blood shield laws was arguably rejected by the Supreme Court of Georgia, in *McAllister v. American National Red Cross*, 240 Ga. 246, 240 S.E.2d 247 (1977). In *McAllister*, the plaintiff brought an action against the American National Red Cross, alleging, in part, that he received "unwholesome and defective units of blood products manufactured and *sold* by the defendant." (emphasis added). The Red Cross argued that under Ga.Code § 105–1105 (the predecessor to O.C.G.A. § 51–1–28) it was not amenable to suit on a strict liability theory. In interpreting the blood shield provision, the supreme court noted its broad scope, and held that the clear import of the provision was "to include not only hospitals, but entities like defendants engaged in providing blood for human use." [1] *McAllister*, 240 Ga. at 248, 240 S.E.2d 247. The only potential distinction between *McAllister* and this case is

---

1. The court also rejected a constitutional challenge to the blood shield statute, which Plain-

tiffs do not attempt to make here.

that the Red Cross may have been selling blood on a not-for-profit basis, while Miles' sales are unquestionably entrepreneurial. However, the Georgia Supreme Court did not even hint at such a distinction, and as Defendant correctly notes, the revised version of Georgia's blood shield statutes do not exempt commercial purveyors of blood or blood products from their scope.

In a case extremely similar to the one at bar, the Second Circuit held that Connecticut's blood shield law applied to commercial producers and sellers of blood products. *Coffee v. Cutter Biological Laboratories*, 809 F.2d 191 (2nd Cir.1987). In affirming the district court, the Second Circuit noted that blood shield statutes in other states have been uniformly interpreted as barring strict liability claims. Allowing such a cause of action would defeat the purpose of the blood shield statutes, which are designed to help guarantee the supply of this vital commodity. Given that the Georgia blood shield statute applicable to breach of warranty is substantial similar to the strict liability blood shield statute interpreted in *McAllister* and *Coffee*, the court must conclude that neither cause of action is available to the Plaintiffs here.

It is important to note that this is a motion for *partial* summary judgment. Plaintiffs are still free to pursue their negligence claim.

Defendant's motion for partial summary judgment is GRANTED. Defendant's request for oral argument is DENIED.

SO ORDERED.