22970

Helen Marianne SAMSON, Plaintiff v. The GREENVILLE HOSPITAL SYSTEM and The Carolina-Georgia Blood Center, Inc., Defendants. Russell Joseph SAMSON, Plaintiff v. The GREENVILLE HOSPITAL SYSTEM and The Carolina-Georgia Blood Center, Inc., Defendants, and Russell Joseph SAMSON, as Guardian ad Litem for Camaron Joseph Samson, a minor under the age of fourteen (14) years, Plaintiff v. The GREENVILLE HOSPITAL SYSTEM and The Carolina-Georgia Blood Center, Inc., Defendants.

(377 S. E. (2d) 311)

Supreme Court

*Michael Parham* of *Parham and Smith*, Greenville, *for plaintiffs*.

*G. Dewey Oxner, Jr.*, and *Frances D. Ellison* of *Haynsworth, Marion, McKay & Guerard, Paul J. Foster, Jr.*, and *Robert P. Foster* of *Foster, Gaddy and Foster, William M. Hagood, III* of *Love, Thornton, Arnold & Thomason*, Greenville, and *Steven J. Labensky* of *Lewis and Roca*, Phoenix, Ariz., *for defendants*.

Submitted Oct. 25, 1988.

Decided Feb. 21, 1989.

*Per Curiam:*

Pursuant to Supreme Court Rule 46, we agreed to answer the question whether blood is a product for purposes of strict liability in light of S. C. Code Ann. § 44-43-10 (1985), South Carolina's "blood shield" statute. We hold that it is not.

## FACTS

Plaintiffs allege that Helen Samson contracted the AIDS-related virus from a blood transfusion given to her while she

was a patient at a hospital operated by defendant Greenville Hospital System. Plaintiffs also allege that the blood was supplied by defendant Carolina-Georgia Blood Center, an organization which collects, stores and distributes blood it receives from donors. One of their causes of action alleges that defendant Carolina-Georgia Blood Center, Inc. is liable under the theory of strict liability in tort.[1]

## DISCUSSION

South Carolina Code Ann. § 15-73-10 (1976), which is based on Section 402A of the Restatement (Second) of Torts, imposes strict liability in tort upon the suppliers of defective products. This section applies only to products and not to services. *Deloach v. Whitney*, 275 S. C. 543, 273 S. E. (2d) 768 (1981).

Neither the plain language of § 15-73-10, nor the Comments to the Restatement indicate whether blood is a product for purposes of strict liability. Therefore, this Court must determine whether the Legislature intended for blood to be treated as a product or a service under § 15-73-10. To aid in this determination, we may properly consider earlier legislation dealing with blood. *See Arkwright Mills v. Murph*, 219 S. C. 438, 65 S. E. (2d) 665 (1951); *Cox v. Cox*, 262 S. C. 8, 202 S. E. (2d) 6 (1974).

Section 44-43-10 reads as follows:

> The implied warranties of merchantability and fitness shall not be applicable to a contract for the sale, procurement, processing, distribution or use of human tissues such as corneas, bones or organs, whole blood, plasma, blood products or blood derivatives. Such human tissues, whole blood, plasma, blood products or blood derivatives shall not be considered commodities subject to sale or barter and the transplanting, injection, transfusion or other transfer of such substances

---

[1] This case was previously before the Court in *Samson v. Greenville Hospital System*, 295 S. C. 359, 368 S. E. (2d) 665 (1988). A more complete statement of the facts is contained in that opinion. Since we accepted this certified question, defendant Greenville Hospital System has been voluntarily dismissed from this litigation.

into the human body shall be considered a medical service.

This language clearly indicates that the Legislature did not intend for blood to be classified as a product. Furthermore, this construction is consistent with the underlying purpose of the blood shield statute, namely, to facilitate a readily available supply of blood by limiting liability to defects resulting from negligence.

## CONCLUSION

Based on the foregoing analysis, we are of the opinion that blood is not a product for purposes of strict liability in tort.[2]

Certified question answered.

---

[2] This result is consistent with that reached by the majority of jurisdictions that have considered the effect of statutes similar to § 44-43-10 on whether blood is a product for purposes of strict liability. *See, e.g., Sawyer v. Methodist Hospital,* 522 F. (2d) 1102 (6th Cir. 1975); *McDaniel v. Baptist Memorial Hospital,* 469 F. (2d) 230 (6th Cir. 1972); *McKee v. Miles Laboratories, Inc.,* 675 F. Supp. 1060 (E. D. Ky. 1987); *Cramer v. Queen of Angels Hospital,* 62 Cal. App. (3d) 812, 133 Cal. Rptr. 339 (1976); *McAllister v. American National Red Cross,* 240 Ga. 246, 240 S. E. (2d) 247 (1977); *Glass v. Ingalls Memorial Hospital,* 32 Ill. App. (3d) 237, 336 N. E. (2d) 495 (1975).