46200. CELOTEX CORPORATION et al. v. ST. JOSEPH
HOSPITAL.
(376 SE2d 880)

PER CURIAM.

*The Certified Question*

The United States Court of Appeals for the Eleventh Circuit certified the following question to this court: "Whether [OCGA] § 9-3-30.1 applies to cases pending at the time of the statute's enactment so as to prevent these claims from otherwise being barred by an applicable period of limitation?" *St. Joseph Hosp. v. Celotex Corp.*, 854 F2d 426 (1988).

On March 10, 1986 St. Joseph Hospital filed an action in federal district court against four manufacturers of asbestos-containing fireproofing sprayed in its building. Among these manufacturers were appellants Celotex Corporation and United States Gypsum Company. The fireproofing materials had been applied to steel beams in the hospital during a renovation project undertaken during 1969 and 1970. The asbestos was not discovered until March 1984, when the hospital initiated a subsequent renovation. The hospital removed the asbestos-containing material, and brought this action to recover the cost of removal.

The defendants moved for summary judgment on the ground that the plaintiff's claims were barred by the four-year statute of limitations. See [OCGA] § 9-3-30. The district court denied the motion on the ground that Georgia's discov-

ery rule prevented the limitations period from commencing to run until St. Joseph knew or reasonably should have known that the asbestos fireproofing constituted a hazard requiring removal. After a five day trial the jury returned a verdict against Celotex for $300,000 and against USG for $200,000. The two defendants appealed. Id.

OCGA § 9-3-30.1, effective April 14, 1988, provides:

(a) Notwithstanding the provisions of Code Section 9-3-30 or any other law, every action against a manufacturer or supplier of asbestos or material containing asbestos brought by or on behalf of any person or entity, public or private; or brought by or on behalf of this state or any agency, department, political subdivision, authority, board, district, or commission of the state; or brought by or on behalf of any municipality, county, or any state or local school board or local school district to recover for:

(1) Removal of asbestos or materials containing asbestos from any building owned or used by such entity;

(2) Other measures taken to correct or ameliorate any problem related to asbestos in such building;

(3) Reimbursement for such removal, correction, or amelioration related to asbestos in such building; or

(4) Any other claim for damage to real property allowed by law relating to asbestos in such building

which might otherwise be barred prior to July 1, 1990, as a result of expiration of the applicable period of limitation, is revived or extended. Any action thereon shall be commenced no later than July 1, 1990.

(b) The enactment of this Code section shall not be construed to imply that any action against a manufacturer or supplier of asbestos or material containing asbestos is now barred by an existing limitations period.

(c) Nothing in this Code section shall be construed to revive, extend, change, or otherwise affect the applicable period of limitation for persons or entities not set forth and provided for in subsection (a) of this Code section.

(d) Nothing contained in this Code section shall be con-

strued to have any effect on actions for personal injury or any other claim except as specifically provided in this Code section.

## Our Response

We find that OCGA § 9-3-30.1 constitutes a special law within the meaning of Art. III, Sec. VI, Par. IV (a) of the Constitution of Georgia of 1983, which provides: "Laws of a general nature shall have uniform operation throughout the state and no local or special law shall be enacted in any case for which provision has been made by an existing general law. . . ."

OCGA § 9-3-30.1, like the statute at issue in *Lasseter v. Ga. Public Service Comm.*, 253 Ga. 227 (319 SE2d 824) (1984),

deals with a limited activity in a specific industry during a limited time frame . . . . To designate this as a general law would amount to the acceptance of a fiction which would strain the credibility of the court. It is a special law and must stand or fall as viewed in that posture.

Id. at p. 229.

As we stated in *Lasseter*,

In so viewing the statute, we first note that the constitution does not prohibit special laws per se. The legislature may enact special laws affecting special classes, but it cannot do so if it has previously legislated in that area by general law nor may it do so if the classification of those affected is unreasonable. The preemption is expressly covered by [Art. III, Sec. VI, Par. IV of the Constitution of Georgia of 1983.] The requirement of reasonable classification comes from the equal protection guarantee. Art. I, Sec. I, Par. II, 1983 Georgia Constitution.

Id. at pp. 229-30.

This act singles out for special treatment property claims against manufacturers and suppliers of asbestos and differentiates them from *all* other claims that might be based upon other hazardous or toxic substances. Because we do not find this separate classification to be reasonable, the statute does not meet constitutional standards.

In light of this disposition, we answer the certified question in the negative.

*Certified question answered. All the Justices concur, except Hunt and Bell, JJ., who dissent. Gregory, J., not participating.*

HUNT, Justice, dissenting.

I respectfully dissent. As the majority acknowledges, the legislature may enact special laws if the classification of those affected is reasonable. Accordingly, we have consistently upheld special laws where there is reasonable justification for the law. See, e.g., *Lasseter v. Ga. Public Service Comm.*, supra, 253 Ga. 227 (coal conversion statute applicable to particular class of power plants created reasonable classification); *McAllister v. American Nat. Red Cross*, 240 Ga. 246 (240 SE2d 247)(1977) (statute requiring showing of negligence in sale of blood was reasonable); *C & S Nat. Bank v. Mann*, 234 Ga. 884 (218 SE2d 593) (1975) (statute classifying married women whose separate estates consist of real property and/or intangible personal property differently from married women whose separate estates consist of tangible personal property); *Black v. Blanchard*, 227 Ga. 167 (179 SE2d 228)(1971) (statute providing exemptions for certain individuals running for office of school superintendent established reasonable classification).

It is undeniable that asbestos in buildings presents significant health and economic problems. The legislature of Georgia, like that of several other states, including Massachusetts, New York and Minnesota, chose to respond to some of these problems by enacting a statute which would lift a statute of limitation bar to asbestos-related property damage suits. I do not believe we can legitimately label this statute unreasonable, particularly in light of our duty to construe a statute as constitutional where possible. While the court may not agree with the wisdom of the statute, we are not authorized to second guess the legislature. I would hold the statute is not prohibited as a special law, and is not otherwise invalid, and would answer the certified question in the affirmative.

I am authorized to state that Justice Bell joins in this dissent.

DECIDED MARCH 2, 1989 —
RECONSIDERATION DENIED MARCH 29, 1989.

*Freeman & Hawkins, Julia Bennett Jagger, Morgan, Lewis & Bockius, Thomas B. Kenworthy, Frank L. Corrado, Jr., Greene, Buckley, DeRieux & Jones, John D. Jones, Montgomery, McCracken, Walker & Rhoads, Ralph W. Brenner, Stephen A. Madva*, for appellants.

*Speights & Runyan, Daniel A. Speights, Ness, Motley, Loadholt, Richardson & Poole, Edward J. Westbrook, Weeks, Chandler, Sams, Weatherly & Shinall, Charles L. Weatherly*, for appellee.

*Michael J. Bowers, Attorney General, Charles M. Richards, As-*

sistant Attorney General, amicus curiae.