**ST. JOSEPH HOSPITAL,**
**Plaintiff–Appellee,**

**v.**

**The CELOTEX CORPORATION, as Successor to the Spraycraft Corporation (a Delaware Corporation), United States Gypsum Company (a Delaware Corporation), Defendants–Appellants.**

**No. 87–8140.**

United States Court of Appeals,
Eleventh Circuit.

June 6, 1989.

Greene, Buckley, Derieux & Jones, John D. Jones, Carla A. Ford, Atlanta, Ga., for Celotex.

Montgomery, McCracken, Walker & Rhoads, Ralph W. Brenner, Stephen A. Madva, Philadelphia, Pa., for defendants-appellants.

Freeman & Hawkins, Julia Bennett Jagger, Atlanta, Ga., Morgan, Lewis & Bockius, Thomas B. Kenworthy, Frank L. Corrado, Jr., Philadelphia, Pa., for U.S. Gypsum.

Blatt & Fales, Edward J. Westbrook, Charleston, S.C., Daniel A. Speights, Hampton, S.C., for plaintiff-appellee.

Before VANCE and CLARK, Circuit Judges and GARZA\*, Senior Circuit Judge.

PER CURIAM:

St. Joseph Hospital filed an action in district court on March 10, 1986 against four manufacturers of fireproofing materi-

---

\* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by desig-

al containing asbestos. This material was sprayed in St. Joseph's building in the course of renovations in 1969 and 1970. St. Joseph discovered the asbestos in 1984 and brought this action to recover its cost of removing the asbestos-containing material. The defendants moved for summary judgment asserting that the claim was barred by the four-year statute of limitations. *See* Ga.Code Ann. § 9–3–30 (1982). The district court denied the motion on the ground that Georgia's discovery rule prevented the limitations period from beginning to run until St. Joseph knew or reasonably should have known that the asbestos material was a hazard requiring removal. After a trial lasting several days the jury found for the plaintiff. The defendants appealed.

Under Ga.Code Ann. § 9–3–30, the statute of limitations for plaintiff's claim was four years after the right of action accrued. The Georgia Supreme Court has answered our certified question in a similar case that the discovery rule in Georgia applies only to personal injury cases. *Mercer Univ. v. National Gypsum Co.*, 258 Ga. 365, 368 S.E.2d 732 (1988). Accordingly, the statute of limitations for plaintiff's claim was not tolled.

While this case was pending, the Georgia legislature enacted a statute that extended the statute of limitations for commencing suits against suppliers or manufacturers of material containing asbestos. Ga.Code Ann. § 9–3–30.1 (1982). This statute became effective April 14, 1988. The statute was unclear, however, if it applied to pending suits. Accordingly, we certified this question to the Georgia Supreme Court.

In response, the Georgia Supreme Court has answered that section 9–3–30.1 is unconstitutional. Its decision is published at 376 S.E.2d 880.

Plaintiff's claim is thus governed by the statute of limitations of Ga.Code Ann. § 9–3–30. It was not timely filed under this statute and the discovery rule does not apply to toll the statute of limitations peri-

nation.

od. Accordingly, the judgment of the district court in favor of plaintiff is reversed and this case is remanded to the district court for entry of judgment for defendants.

REVERSED and REMANDED.