The CORPORATION OF MERCER UNIVERSITY, Plaintiff–Appellant,

v.

NATIONAL GYPSUM COMPANY, a Delaware Corp., et al., Defendants–Appellees.

The CORPORATION OF MERCER UNIVERSITY, Plaintiff–Appellee, Cross–Appellant,

v.

NATIONAL GYPSUM COMPANY, and W.R. Grace & Co., Defendants–Appellants, Cross–Appellees.

Nos. 86–8416, 86–8693.

United States Court of Appeals, Eleventh Circuit.

July 11, 1989.

Darci L. Rock, Bracewell & Patterson, William A. Anderson, II, Mary Caroline Parker, Luis M. Nido, Washington, D.C., Martin W. Dies, Jr., Law Offices of Martin Dies, Orange, Tex., Charles M. Stapleton, Martin, Snow, Grant & Napier, Cubbedge Snow, Jr., Macon, Ga., for Corporation of Mercer University.

Richard M. Bernstein, Lawrence T. Hoyle, Hoyle, Morris & Kerr, Philadelphia, Pa., Shepard M. Remis, Goodwin, Procter & Hoar, Sandra Sue McQuay, Boston, Mass., Thomas B. Kenworthy, Morgan, Lewis & Bockius, Philadelphia, Pa., A. Stephens Clay, Mara McRae, Kilpatrick & Cody, Atlanta, Ga., for National Gypsum Co., et al.

Shepard M. Remis, Goodwin, Proctor & Hoar, Kenneth A. Cohen, Boston, Mass., for W.R. Grace & Co.

Before HILL and VANCE, Circuit Judges, and SPELLMAN *, District Judge.

PER CURIAM:

Mercer University filed actions in district court on April 9, 1985, against several manufacturers of construction products includ-

* Honorable Eugene P. Spellman, U.S. District Judge for the Southern District of Florida, sit-

ting by designation.

ing defendants United States Gypsum, National Gypsum and W.R. Grace & Co. Mercer sought to recover damages in tort for injury to its property arising out of defendants' sale to it of products containing asbestos. Mercer alleged that these products were installed in its buildings between 1906 and 1972.

Defendants moved for summary judgment, asserting that the claims were barred by the four-year statute of limitations. *See* Ga.Code Ann. § 9–3–30 (1982). The district court held that under Georgia's discovery rule the statute of limitations did not begin to run until Mercer knew or reasonably should have known that the asbestos material was a hazard requiring removal. Under this rule, the court held that the statute of limitations had expired on twelve of the sixteen buildings named in the suit. The district court then dismissed United States Gypsum from the case because it found that none of the remaining four buildings contained its products. After a bifurcated trial the jury awarded Mercer compensatory and punitive damages against National Gypsum and W.R. Grace & Co. National Gypsum and W.R. Grace & Co. appealed and Mercer cross-appealed the court's ruling that the statute of limitations barred claims relating to the remaining twelve buildings. This case was consolidated with Mercer's appeal from the dismissal of United States Gypsum.

Because the scope of Georgia's discovery rule presented important issues of Georgia law for which there was no clear precedent we certified to the Georgia Supreme Court the question of whether the discovery rule applies to cases involving property damage. In response, the Georgia Supreme Court answered that the discovery rule applies to only cases involving bodily injury. *Mercer Univ. v. National Gypsum Co.*, 258 Ga. 365, 368 S.E.2d 732 (1988).

While this case was pending before the Georgia Supreme Court, the Georgia legislature enacted a statute that extended the statute of limitations for initiating suits to recover for property damage against suppliers or manufacturers of material containing asbestos. Ga.Code Ann. § 9–3–30.1 (1982) (effective Apr. 14, 1988). The Georgia Supreme Court, however, did not consider the effect of this statute on Mercer's claims.[1]

The case of *St. Joseph Hospital v. Celotex Corp.* presented the identical issue of whether section 9–3–30.1 applies to cases pending at the time of its enactment. Because of the importance of this issue of Georgia law we certified this question to the Georgia Supreme Court. *St. Joseph Hospital v. Celotex Corp.*, 854 F.2d 426 (11th Cir.1988). In response, the Georgia Supreme Court has answered that section 9–3–30.1 is unconstitutional. *St. Joseph Hospital v. Celotex Corp.*, 259 Ga. 108, 376 S.E.2d 880 (1989). Therefore Mercer's actions are governed by the four year statute of limitations of Ga.Code Ann. § 9–3–30. Because Mercer's suits were not commenced within this period its claims relating to all of the buildings named in its suit are barred.

Accordingly, in case number 86–8416 [the appeal from the dismissal as to United States Gypsum Company] the judgment of the district court is AFFIRMED. In case number 86–8693 judgment of the district court for the plaintiff [based on its ruling that claims relating to four buildings named in the suit are not barred by the statute of limitations] is REVERSED and the case is REMANDED for dismissal of all of Mercer's claims; on Mercer's cross-appeal the judgment of the district court [based on its ruling that plaintiff's claims relating to twelve buildings named in the suit are barred by the statute of limitations] is AFFIRMED.

REVERSED and REMANDED IN PART, AFFIRMED IN PART.

---

1. On June 20, 1988, Mercer filed a motion for reconsideration in the Supreme Court of Georgia, arguing that Section 9–3–30.1 should apply to its suits. The court denied this motion on July 1, 1988.