S00A1542. MATTHEWS v. MACON WATER AUTHORITY.
(542 SE2d 106)

THOMPSON, Justice.

In this case we are called upon to decide whether an immunity provision contained in the charter of the Macon Water Authority is preempted by a general law of the state legislature in violation of Art. III, Sec. VI, Par. IV (a) of the Georgia Constitution.

Martin C. Matthews sustained injuries when he fell over the lid of a water meter box which an employee of the Macon Water Authority ("Authority") allegedly failed to secure. Matthews sued the Authority in tort on the theory that it is vicariously liable for the negligence of its employee. The Authority defended the action and moved for summary judgment on the basis that it is immune from suit under its charter which provides in pertinent part that "the Authority . . . shall in no event be liable for any tort committed by its officers, agents, or employees." Matthews opposed the motion, claiming that the immunity provision infringes on OCGA § 51-2-2, which is a general law, and thus violates Art. III, Sec. VI, Par. IV (a) (which prohibits the enactment of local or special laws in any case for which provision has been made by an existing general law). The trial court rejected the constitutional challenge and granted summary judgment in favor of the Authority.

On appeal, Matthews asserts that § 2 (a) of the Macon Water Authority Act ("Act"), 1992 Ga. Laws 4991, which exempts the Authority from vicarious liability, infringes on OCGA § 51-2-2 (codification of the doctrine of respondeat superior). Therefore, he submits that the Act violates the constitutional rule of preemption. We disagree and affirm the ruling of the trial court.

The General Assembly adopted the charter of the Authority as a public corporation. The pertinent provision, § 2 (a) of the Act, provides:

> There is created a body corporate and politic, to be known as the Macon Water Authority, which shall be deemed to be a public corporation and by that name, style, and title said body may contract and be contracted with, sue and be sued, implead and be impleaded, complain and defend in all courts of law and equity, except that the authority or the trustee acting under any trust indenture shall in no event be liable for any torts committed by its officers, agents, or employees.

Although the powers approved by the legislature in such charters "'are subject to limitations and preemptions imposed by general law,'" *Little v. City of Lawrenceville*, 272 Ga. 340, 341 (1) (528 SE2d 515) (2000), we do not find a violation of the uniformity clause in this case.

Art. III, Sec. VI, Par. IV (a) of the 1983 Georgia Constitution provides:

> Laws of a general nature shall have uniform operation throughout this state and no local or special law shall be enacted in any case for which provision has been made by an existing general law, except that the General Assembly may by general law authorize local governments by local ordinance or resolution to exercise police powers which do not conflict with general laws.

"The clause's second provision provides for an exception to the general rule of preemption when general law authorizes the local government to act and the local ordinance does not conflict with general law." *Franklin County v. Fieldale Farms Corp.*, 270 Ga. 272, 275 (2) (507 SE2d 460) (1998).

The General Assembly may exclude certain persons or things from the application of a general law. *McAllister v. American National Red Cross*, 240 Ga. 246 (2) (240 SE2d 247) (1977). The Constitution requires "only that the law applies uniformly to the class or classes of persons or things affected by it . . . and that the classes included or excluded from its general effect are reasonable and not

arbitrary." Id. at 248-249. See also *State v. Martin*, 266 Ga. 244 (4) (466 SE2d 216) (1996); *C & S Nat. Bank v. Mann*, 234 Ga. 884, 889 (3) (218 SE2d 593) (1975).

OCGA § 51-2-2 provides: "Every person shall be liable for torts committed by his wife, his child, or his servant by his command or in the prosecution and within the scope of his business, whether the same are committed by negligence or voluntarily." Assuming without deciding that the Authority is a "person" within the contemplation of OCGA § 51-2-2, we conclude that the General Assembly was authorized to approve the Authority's charter and exclude it from vicarious tort liability. As a public corporation, the Authority has as its purpose the administration of delegated powers of government. See, e.g., *Penick v. Foster*, 129 Ga. 217 (3) (58 SE 773) (1907). The General Assembly may weigh the factors that impact tort liability for entities which it creates and determine whether or not to grant immunity. Immunity in this case promotes public policy by enabling the Authority to provide the public with more economical water and sewerage rates. Thus, the exclusion created by the Act is neither arbitrary nor unreasonable.

Matthews' reliance on *Thomas v. Hosp. Auth. of Clarke County*, 264 Ga. 40 (440 SE2d 195) (1994) is misplaced. There we held that a hospital authority was not entitled to the protection of sovereign immunity under Art. I, Sec. II, Par. IX (e) of the Georgia Constitution because it is neither the state nor a department or agency of the state. The charter of the hospital authority was not in issue. In the present case, immunity is granted by the express language of the Authority's charter, which was adopted by the Georgia Legislature. The legislature clearly has the authority to extend sovereign immunity to this public corporation. See *Henderman v. Walton County Water & Sewerage Auth.*, 271 Ga. 192 (1) (515 SE2d 617) (1999) (the legislature has authority to extend immunity to water and sewerage authority).

Accordingly, we hold that the immunity provision of the Macon Water Authority Act is not preempted by OCGA § 51-2-2, and therefore does not offend Art. III, Sec. VI, Par. IV (a) of the Georgia Constitution.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 16, 2001.

*Dozier & Sikes, Lester Z. Dozier, Jr., Reynolds & McArthur, Charles M. Cork*, for appellant.

*Miller & Towson, Craig N. Cowart, Finley & Buckley, Jerald R. Hanks,* for appellee.